BROWN'S Administrators *v.* BRAGG.

LANDLORD AND TENANT—FORFEITURE OF LEASEHOLD.—The failure of a tenant to pay rent will not work a forfeiture of his estate, unless it is so expressed in the lease or agreement.

SAME—STATUTES CONSTRUED.—The words "all general tenancies," in section 2, 2 G. & H. p. 359, mean such tenancies only as are not fixed and made certain in point of duration, by the agreement of the parties.

SAME.—*Semble,* that the words "or for a shorter period," in the same section, embrace a tenancy uncertain as to duration, but one which appears to have been intended by the parties, as less than a year.

ESTATES FOR YEARS.—Estates for years embrace such as are for a single year, or for a period still less, if definite and ascertained, as a term for a fixed number of weeks or months, as well as for any definite number of years, however great.

APPEAL from the *Madison* Circuit Court.

WORDEN, J.—On the 1st of *April,* 1859, *Brown* let to *Bragg* certain real estate, to be held by the latter for the term of one year from that date; for which *Bragg* was to pay, as rent, the sum of 450 dollars, to be paid quarterly, at times specified in the instrument of writing creating the tenancy executed between the parties. On the 1st of *December,* 1859, a quarter's rent being due and unpaid, *Brown* served on *Bragg* a notice to quit the premises at the expiration of ten days, unless the rent in arrear should be paid within that time.

*Bragg* failing to pay the rent or quit the premises, this action was brought by the representatives of the lessor to recover possession. The suit was brought before the expiration of the term.

The Court below held, on the facts above stated, that the plaintiffs were not entitled to recover, and we think the decision was in accordance with the law of the case.

We suppose that, independently of any statutory provisions, the proposition that the failure to pay the rent due, did not work a forfeiture of the estate of the tenant, is too clear to require the citation of any authorities in its support. In order that a failure to pay rent should work a forfeiture, it should be so expressed in the lease or agreement of the parties, which was not done in the case before us. As well might a man who sells a horse to be paid for in the future, claim to recover him back on failure of the purchaser to pay according to his stipulation, as the lessor of real estate to recover it from his tenant because of his failure to pay rent, there being no stipulation that such failure should work a forfeiture.

But we have the following statutory provision, which is claimed by the appellants to be applicable to the case before us. "If a tenant at will, or from year to year, or for a shorter period, neglect or refuse to pay rent when due, ten days' notice to quit shall determine the lease, unless such rent shall be paid at the expiration of said ten days." 2 G. & H. p. 359, § 4.

The case before us does not come within any of the clauses of the statute above set out. It is clearly not a tenancy at will, nor for a shorter period than a year; and it seems to be equally clear that it is not a tenancy from year to year. The legislature, in the second section of the act above cited, have provided what shall be deemed tenancies from year to year, viz: "all general tenancies, in which the premises are occupied by the consent, either express or constructive, of the landlord." By the words "all *general* tenancies," we think it clear that the legislature meant such tenancies only as were not fixed and made certain in point of duration by the agreement of the parties. This is apparent from several considerations. Where lands are demised for a definite term, no notice to quit is necessary in order to terminate the tenancy.

See cases in Perk. Dig. p. 350, § 5. Yet the legislature have provided for terminating tenancies from year to year by three months' notice to quit. Section 3. It would be an absurdity to suppose the legislature intended to change tenancies for a fixed period, whether for one year, or more, or less, into tenancies from year to year, and then enable the landlord to terminate them by three months' notice to quit. The statute seems to be merely declaratory of the common law on the subject. Says Chancellor *Kent,* " estates at will, in the strict sense, have become almost extinguished, under the operation of judicial decisions. Lord *Mansfield* observed that an infinite quantity of land was holden in England without lease. They were all, therefore, in a technical sense, estates at will; but such estates are said to exist only notionally, and where no certain term is agreed on, they are construed to be tenancies from year to year, and each party is bound to give reasonable notice of an intention to terminate the estate. The language of the books now is that a tenancy at will arises from grant or contract, and that general tenancies are constructively taken to be tenancies from year to year." 4 Kent Com. § 10, p. 128.

In the case before us, the tenancy, by the agreement of the parties, was for a year, neither more nor less. Hence it is wholly unnecessary to determine what is meant by the words " or for a shorter period," in the section of the statute above quoted; but we doubt whether they should be construed to embrace a tenancy for a fixed and definite period. The interpretation that presents itself as the most reasonable is, that they embrace a tenancy uncertain as to duration, but one which appears to have been intended by the parties as less than a year. But on this point nothing is decided.

The lease in the case before us, created an estate which the law defines to be an estate for years. Such would also have been its character had it been less than a year in duration.

Halbert et al. v. The State ex rel. The Board, &c., of Martin Co.

"Every estate which must expire at a period certain and prefixed, by whatever words created, is an estate for years." 2 Shars. Blackstone, p. 142. "Estates for years embrace such as are for a single year, or for a period still less, if definite and ascertained, as a term for a fixed number of weeks or months, as well as for any definite number of years, however great." 1 Washburn on Real Estate, p. 291.

The defendant being a tenant for years, and not at will, or from year to year, or for a shorter period, it was not competent for the lessor to terminate the tenancy before the expiration of the term, on the ground of failure to pay the stipulated rent.

*Per Curiam.*—The judgment below is affirmed, with costs.

*W. R. Pierce* and *H. D. Thompson,* for the appellants.