EDMUND CAPLIS v. AMERICAN FIRE INSURANCE COMPANY OF NEW YORK.[1]

March 5, 1895.

No. 9092.

**Fire Insurance—Concealment of Material Fact—Assignment of Lease.**

The insurance policy in question here was of the standard form, insuring a building standing upon leased ground. This lease had been assigned to the insured the day before the issuance of the policy, and contained a clause prohibiting an assignment, without first obtaining the consent of the lessor, and this consent had not been obtained. *Held*, that the assign-ment was valid as against the insurance company, and that the facts did not operate to release and discharge it from liability because of the ex-istence of a condition in its policy that it should be void if any material fact or circumstance concerning the insurance or the subject thereof had been misrepresented or concealed, or if the interest of the insured be not truly stated.

**Same—Pleading—Concealment or Misrepresentation.**

If the defense in an action brought to recover for a loss on such a policy be concealment or misrepresentation by the insured, such defense must be set out in the answer, and proved upon the trial, together with the mate-riality of the facts constituting the alleged defense; and the materiality of the facts is a question for the jury.

**Same—Lien for Rent not Chattel Mortgage.**

In the lease was a clause "that said lessor shall at all times have a first lien upon all buildings for any unpaid rental or taxes." *Held*, that

a Reported in 62 N. W. 440.

the clause did not amount to or create a chattel mortgage upon the insured building, within the meaning of a stipulation in the policy that it should be void if the building "be or become incumbered by a chattel mortgage."

**Same—Meaning of "Chattel Mortgage."**

The words "chattel mortgage," as used in the stipulation in the policy, must be construed in their popular sense, and as meaning and guarding against the common, ordinary chattel mortgage and instruments of the same general nature, use, and purpose.

Action in the district court for St. Louis county to recover $500 upon a policy of insurance issued October 31, 1893, by the defendant company. The fire occurred November 3, 1893. At the trial the court, Ensign, J., denied defendant's motion to dismiss the case, refused to instruct the jury to return a verdict for defendant, and directed a verdict for plaintiff. From an order granting defendant's motion to set aside the verdict and for a new trial, plaintiff appealed. Reversed.

*H. H. Phelps,* for appellant.
*Louis A. Reed,* for respondent.

COLLINS, J. The building destroyed by fire, and insured by the policy on which this action was brought, stood upon leased ground, it being so stated in the policy, which was of the standard form. In the lease was this clause: "And it is further agreed that said lessor shall at all times have a first lien upon all buildings for any unpaid rental or taxes." And at the date of the policy, and also when the fire occurred, ground rent was due and unpaid for more than three months. The lease also contained the usual provision prohibiting an assignment thereof without first obtaining the written consent of the lessor. It had been assigned by the original lessee to the insured just before the issuance of the policy, but the lessor had not consented to the assignment. The question in the case is whether these facts operated to discharge and release the insurance company from liability on account of the fire because of the existence of either of two clauses in the policy,—one, that it should be void if any material fact or circumstance concerning the insurance or the subject thereof had been misrepresented or concealed, or if the interest of the insured be not truly stated, or if his interest be other

than unconditional and sole ownership; the other, that the company should not be liable if the subject of the insurance be personal property, and be or become incumbered by a chattel mortgage.

1. The claim is made that the clause first above mentioned was violated, because the lessor had refused to consent to an assignment of the lease to the insured.    It was not shown at the trial that there had been a refusal on the part of the lessor to consent to the assignment prior to the issuance of the policy, the assignment having been made the day before.    It was shown that on one occasion—whether before or after the fire the witness could not state—the lessor had declined to consent until all rent arrearages had been paid.    But the effect of an assignment of a lease where, by its terms, the lessor's consent must be first obtained, is simply that the assignee takes the premises subject to the right of the lessor to cancel the lease.    The assignment is not void, but voidable, at the lessor's option.    An assignment of a lease, even where expressly forbidden, and where, by its terms, a forfeiture is provided for its breach, is, nevertheless, valid, and passes the estate to the assignee, subject to the consequences of the breach; and the landlord may waive the forfeiture either expressly or impliedly.    1 Wood, Landl. & Ten. 711; Shattuck v. Lovejoy, 8 Gray, 204; Brummell v. MacPherson, 14 Ves. 173.    Again, if the insurance company desired to rely upon the defense of concealment or misrepresentation by the insured, such defense should have been set forth in the answer, and proved upon the trial, together with the materiality of the concealments or misrepresentations.    And the materiality of the facts is a question for the jury.    11 Am. & E. Enc. L. 297, cases cited in note 1.    This defense, even if admissible under a general allegation in the answer that there had been concealments and misrepresentations of material facts, was not made upon the trial.    To the contrary, it was practically waived by defendant's counsel when the motion was made and granted that the jury be directed to return a verdict for plaintiff.

2. As to the language in the policy that it should be void in case the interest of the insured be other than unconditional and sole ownership, we need but to say that a citation of authorities to the proposition that these words have reference only to the quality of the estate or interest, and are not avoided by any sort of an incumbrance, seems unnecessary.    The adjudications are all one way

upon the effect of such language in an insurance policy. This brings us to the claim that the insurance company was discharged and released from liability by reason of the stipulation in the lease that the lessor should have a first lien on all buildings for unpaid rent and taxes. This stipulation, counsel insists, was a chattel mortgage upon the insured building, within the meaning of that condition in the policy which rendered it nonenforceable if the property be or become incumbered by such an instrument. The court below, when granting a new trial, seems to have thought that within the rule laid down in the case of Merrill v. Ressler, 37 Minn. 82, 33 N. W. 117, this clause in the lease constituted a chattel mortgage on all buildings situated on the leased land, and, as a necessary consequence, the policy condition was applicable. It may be that, as between the lessor and the lessee, the former had an equitable mortgage upon the building; but that is not before us for determination. The question here is not what might constitute a mortgage, legal or equitable, as between the parties or their privies, as was that in the Merrill Case, but as to what construction should be placed upon the clause in the policy in reference to incumbrance by chattel mortgage,—an altogether different question. We have in this state an instrument in common use known as a "chattel mortgage." Its character, form, uses, and purposes are well known. It may have its equivalent in the instruments usually known as "bills of sale" where such bills are given as security for a debt; but we do not decide that question. But we have no doubt as to how the words, as used in the policy, should be construed on this occasion. The authorities adopting and putting out the standard form of an insurance policy meant an instrument which would come within the commonly understood meaning of the words when they used the expression "incumbered by a chattel mortgage." They used the term "chattel mortgage" in its popular sense. They had no intention to include by this language every kind of an instrument which could be enforced in a court of equity as a lien or mortgage upon personalty; for, if such had been the intention, it would have been extremely easy to have said so. And, if the lessor's lien in this case was covered by the language found in the policy, every kind and sort of an instrument creating an equitable lien on the insured property would be included and covered as well, and no such broad construction as

that can be allowed to prevail. The clause must be construed as simply guarding against the common, ordinary chattel mortgage and instruments of the same general nature, use, and purpose.

Order reversed.