EPHRAIM B. PLACE and Another v. ST. PAUL TITLE INSURANCE & TRUST COMPANY.[1]

January 7, 1897.

Nos. 10,160—(161).

### Title Insurance Policy—"Tenancy of Present Occupants."

*Held*, that the phrase, "Tenancy of the present occupants," stated in a title insurance policy as a defect in or objection to the title against which the insurer does not insure, must be construed as meaning the tenancy which arises through the occupation or temporary possession of the premises by those who are tenants in the popular sense in which the word "tenant" is used. The phrase does not include the claim of a person who, asserting ownership in fee as against the title insured, is in actual adverse possession at the time the policy is issued.

### Right of Action—Condition.

*Held*, further, that a condition precedent to a right of action upon the policy, which prohibited a recovery unless the insured had contracted to sell the estate or interest covered by the policy, and the title has been declared, by a court of last resort of competent jurisdiction, defective or incumbered by reason of a defect or incumbrance for which the company would be liable under the policy, has no application to a case where the land is held by another party in actual adverse possession, and the insured has lost it absolutely by reason of a defect in the insured title.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., overruling a demurrer to the complaint. Affirmed.

The complaint alleged the issue to plaintiffs of defendant's insurance policy to indemnify them as mortgagees of a certain tract of land in block 15 of Robert & Randall's addition to St. Paul by reason of defects in the title of the mortgagors to said tract. That in 1894 plaintiffs foreclosed their mortgage, and bid off the property for the amount due upon said mortgage, including taxes paid by plaintiffs and the expenses of sale. That at the date of said mortgage neither of the mortgagors had any right, title, or interest in a certain strip off one side of said tract. That plaintiffs had no notice of said defect until the year 1895. That in 1896 plaintiffs gave defendant due notice in writing of said defect in said title and of their

[1] Reported in 69 N. W. 706.

·claims for damages. That plaintiffs have in all things complied with all the things provided in said policy to be done ᴏr performed by them. That the value of the strip of land so lost to them is $1,200.

*Stevens, O'Brien, Cole & Albrecht,* for appellant.

Tenancy is a holding, or mode of holding, an estate. Burrill, Law Dict. Tenant is used in American law. 3 Kent, Com. 488, 513, 514. Applied to an estate in fee simple it signifies owner or proprietor; as applied to less estates, it signifies holder, occupier, or possessor. Bouvier defines "tenancy" as the estate held by a tenant. He defines "tenant" as ᴏne who holds land by any kind of title, whether for years, for life, or in fee. See Harris v. Reynolds, 13 Cal. 515.

The occurrence of matters mentioned in the policy as conditions precedent not being alleged, there can be nᴏ recovery. See Stees v. Leonard, 20 Minn. 448 (494); Dermott v. Jones, 2 Wall. 1; Anderson v. May, 50 Minn. 280, 52 N. W. 530; The Harriman, 9 Wall. 161; Ætna Ins. Co. v. People's Bank, 62 Fed. 222, 10 C. C. A. 342; Sergent v. London & L. & G. I. Co., 85 Hun, 31, 32 N. Y. Supp. 594; Gies v. Bechtner, 12 Minn. 183 (279); Bowlin v. Hekla F. I. Co., 36 Minn. 433, 31 N. W. 859; Gasser v. Sun F. O., 42 Minn. 315, 44 N. W. 252; Mosness v. German A. I. Co., 50 Minn. 341, 52 N. W. 932; Shapiro v. Western H. I. Co., 51 Minn. 239, 53 N. W. 463.

*Gilfillan, Willard & Willard,* for respondents.

In what sense did defendant intend its customers to understand the word "tenancy" in its policy? The persons who would make use of title insurance would not ordinarily be lawyers. They would be people who would understand words in their popular sense. The phrase was clearly intended to save the company from liability if by reason of leases the insured was not entitled to immediate possession. In cases of doubt the language of the policy must be construed against the company. Minneapolis T. Mnfg. Co. v. Fireman's Ins. Co., 57 Minn. 35, 58 N. W. 819; Anoka L. Co. v. Fidelity & O. Co., 63 Minn. 286, 65 N. W. 353.

The company's purpose in inserting the condition quoted inᴵ the opinion is plain. It adopted the law relating to covenants in a deed, that actual loss must precede compensation. Ogden v. Ball, 38 Minn. 237, 36 N. W. 344. That rule was never intended to apply to a case

where the complaint shows that the insured has in fact lost the land in consequence of a defect in title.

The law does not compel a man to do an impossible thing. A thing is impossible in a legal sense when it cannot be accomplished without fraud. The plaintiffs cannot sell this land without making false representations about it. They do not own it. They know they do not own it. They are not in possession of it. They must either commit a fraud upon a proposed purchaser or else arrange a fictitious suit with him and commit a fraud on the court.

COLLINS, J. Two questions only are presented by this appeal, both dependent upon the construction to be placed upon language used in a title insurance policy issued by defendant company to plaintiffs as mortgagees of certain real property. The contract, as stated in the policy, was, among other things, to indemnify, keep harmless, and insure plaintiffs from all loss or damage, not to exceed a stated sum of money, sustained by reason of defects in the title of the mortgagors in the mortgaged estate, excepting such as were set forth in an attached schedule, and subject, also, to the stipulations and conditions made a part of the policy. In the schedule an item, stated as "Tenancy of the present occupants," was mentioned as a defect in or objection to the title against which the company did not insure; and among the stipulations and conditions of the policy was one that:

"No right of action shall accrue under this policy unless the insured, or those claiming under him as aforesaid, shall have been actually evicted under an adverse title not mentioned or referred to in the above Schedule B, or unless there has been a final judgment upon a lien or incumbrance not mentioned or referred to in said Schedule B, under which the title of the insured will be divested by sale under judgment or foreclosure, or unless the insured has contracted to sell the estate or interest insured, and the title has been declared by a court of last resort of competent jurisdiction defective or incumbered by reason of a defect or incumbrance for which the company would be liable under this policy."

From the complaint it appeared that, at a foreclosure sale of the mortgaged premises, the plaintiffs purchased the same for the full amount due on the debt; that no redemption had been made within the statutory period; that, at the date the mortgage was delivered, and when the policy was issued, the mortgagors were not the own-

ers, in fee or otherwise, of a portion of the mortgaged premises, nor were they in possession, but, to the contrary, said portion was then, and ever since has been, owned and in the actual adverse possession and occupancy of other persons; and that, prior to the issuance of the policy, the mortgagors had been evicted therefrom.

1. It is the position of defendant's counsel that, from the allegations of this complaint, it appears that the case in hand was expressly excepted from the policy because of the words in the schedule, "Tenancy of the present occupants."

If we are to give these words their broadest signification, and construe them without regard to the object or purpose of the contract, or the language used elsewhere, the position would be quite easily sustained; for the broad definition of a "tenant" is one who holds or possesses lands or tenements by any kind of right or title, whether in fee, for life, for years, at will, or otherwise. The persons mentioned in the complaint as having been, and as still continuing, in adverse possession, are certainly tenants, within this comprehensive definition.

But, when we read the entire policy, and consider its object and alleged purpose,—that it purported to be a contract to indemnify plaintiffs, as mortgagees, against loss or damage sustained by reason of defects in the mortgagors' title; that, if the construction contended for by counsel for the defendant should prevail, it would apply in cases where the entire premises were in the adverse possession of another, as well as those, like the present, where only a part is held adversely, leaving the policy holder remediless when he has actually bought and paid for protection; that, if the design of the defendant was to exclude from its policy all liability as to the title "of the present occupants," it could have said so by simply changing one word of the phrase, "tenancy of the present occupants," which, at most, is ambiguous only; that, where an expression in an insurance policy is of such a character, the ambiguity is to be construed against the insurer, and in favor of the insured; that the word "tenant" is generally used in a popular sense, and, as mentioned in this sense, according to Webster, "one who has the occupation or temporary possession of lands or tenements whose title is in another; correlative to landlord"; and also that, without a provision of this import, the insurer would probably incur a liability if there were outstand-

ing leases, and the insured could not obtain possession at any moment,—we are decidedly of the opinion that the tenancy mentioned in the schedule was that which has arisen through the occupation or temporary possession of part or all of the premises by those who were tenants, in the popular sense in which that word is used. See Caplis v. American F. I. Co., 60 Minn. 376, 62 N. W. 440.

2. As the complaint fails to allege the occurrence of any of the conditions precedent, hereinbefore quoted, as found in the policy, counsel for appellant urge this as another reason why the general demurrer should have been sustained.

A final judgment upon a lien or incumbrance certainly has no reference to a case like this. And counsel practically concede that the condition requiring actual eviction under adverse title has no application, for the defect upon which plaintiffs base their cause of action is inability to obtain possession, and entire want of title, and nothing else. It is really admitted by counsel that, if any of these conditions precedent stand in the way of a recovery upon the present complaint, it must be that which prohibits recovery unless the insured has contracted to sell the estate or interest insured, and the title has been declared by a court of last resort of competent jurisdiction defective or incumbered by reason of a defect or incumbrance for which the company would be liable under the policy.

If this condition was intended to apply to a case of this character, it demands of plaintiffs that, with full knowledge of a total want of title to a part of the premises, they find some one upon whom they can impose by entering into a contract to sell that which they do not own, or that they enter into a sham contract of sale, have the vendee refuse to perform, bring a suit against him, and then go through the form of an action which is fictitious from start to finish, and a fraud upon the court in which it is prosecuted. They are either compelled to perpetrate a fraud upon the innocent vendee, or a fraud upon the court in which they bring the action. We cannot believe that the defendant company ever intended the condition in question to cover a case like this, but, rather, that it was designed to guard against actions for nominal damages, instituted by persons who had ascertained that defects existed in their titles, but whose possession remained undisturbed, and who had suffered no loss. It was an adaptation of the law relating to covenants in a deed, that actual loss must

precede actual compensation, to the title insurance business.  None of the conditions found in the quoted language apply to a case where not only does another party hold possession of the land adversely to the insured, but the latter has lost it absolutely by reason of a defect in the insured title.

Order affirmed.