## STATE v. HENRY H. BOWMAN.[1]

### No. 31,486.

#### January 21, 1938.

*Loren Risk,* for appellant.

*William S. Ervin,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

*John A. Nordin,* for Mabelle F. Charlson doing business as Holland Hotel, and *Kingman, Cross, Morley, Cant & Taylor,* for Minneapolis Hotel Association and Minnesota Hotel Association, *amici curiae,* filed separate briefs in support of appellant's petition for reargument.

GALLAGHER, CHIEF JUSTICE.

Defendant was convicted of the offense of coercion as defined by 2 Mason Minn. St. 1927, § 10431. He appeals from the conviction judgment and from an order denying his motion for a new trial.

[1]Reported in 279 N. W. 214.

Defendant owned and operated a building known as "Oriole Apartment Hotel" located at 224 South Tenth street, Minneapolis. In August, 1935, one W. C. Keller rented an apartment in the building consisting of a room and bath, for occupancy by himself and wife, at a rental of $6.50 per week. When they took possession the only furniture the Kellers possessed was a radio and radio table. The balance of the furniture necessary to get along with was provided by defendant except as to a few additional articles later acquired by the Kellers.

The Kellers continued to live in defendant's building from August, 1935, until about December 26, 1936. During that period they occupied, at different times, some four or five separate rooms or apartments, the last one being a basement apartment, consisting of three rooms, for which they were to pay a rental of five dollars per week. They were in arrears in rent during most of the time they were in the building, and it appears that the numerous changes in living quarters were occasioned by an effort to procure reduced rentals. In any event, at the time of the incident involved herein the Kellers owed defendant back rentals aggregating about $76. Defendant made numerous demands upon them for payment of this rent and threatened to put them out of the premises unless at least a part of it was paid.

On December 26, 1936, in the absence of Mr. and Mrs. Keller, defendant caused the premises occupied by them to be locked and prevented them from reëntering or removing their clothes and personal belongings unless they paid the back rental. His action in so doing led to the filing of a complaint against him for violation of 2 Mason Minn. St. 1927, § 10431. The defense asserted was that defendant was engaged in the operation of a hotel and retained Keller's personal belongings by virtue of an innkeeper's lien as provided by 2 Mason Minn. St. 1927, § 7316.

It seems to us that the only question in the case has to do with whether the relation between defendant and Keller was that of landlord and tenant as found by the trial court. If such was the relation, the conviction must stand. It is not disputed that if the

Kellers were merely guests at defendant's hotel he would be in a position to exercise his innkeeper's lien and retain possession of their personal belongings until the bill was paid or the lien foreclosed in the manner provided by law. The relation of landlord and tenant exists where one person occupies the premises of another in subordination to that other's title and with his consent. 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) § 5361. A tenant is one who holds or possesses lands or tenements by any kind of right or title, whether in fee, for life, for years, at will, or otherwise. Place v. St. Paul Title Ins. & Trust Co. 67 Minn. 126, 69 N. W. 706, 64 A. S. R. 404. A lease is a conveyance of lands or tenements, for a term less than the party conveying has in the premises, in consideration of rent or other recompense. It is essential that some reversionary interest be left in the lessor. Generally, a lease is something more than a mere conveyance of an estate—it is a contract for the possession and profits of lands or tenements for a certain period. 4 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 5382; Craig v. Summers, 47 Minn. 189, 49 N. W. 742, 15 L. R. A. 236.

We find no difficulty in reaching the conclusion that the trial court was correct in determining that the relation of landlord and tenant existed between defendant and the Kellers. It is difficult to see how any other determination could be reached. The record indicates that the agreement was based upon the payment of a weekly rental for the use and occupation of some part of defendant's premises. The occupancy by the Kellers was in subordination of defendant's title and with his consent. Such arrangement continued for a period of more than a year. Defendant had his statutory remedy in case of default in the payment of the agreed rental. He should have taken advantage of that remedy rather than subject himself to a violation of the coercion statute as he did.

Affirmed.

Upon Application For Reargument.

On April 1, 1938, the following opinion was filed:

PER CURIAM.

Defendant petitions for a rehearing. *Amici curiae* petitions have also been filed by Mabelle F. Charlson operating as Holland Hotel, and by Minneapolis Hotel Association and Minnesota Hotel Association. All urge that the opinion heretofore filed creates confusion as to existing statutes pertaining to lien rights of hotelkeepers and lodginghouse keepers.

We have reëxamined the record and adhere to our original position that the evidence presented justified a determination by the trial court that the relation of landlord and tenant existed between defendant and the Kellers. The court having found that such relationship existed and there being evidence to sustain that finding, all questions as to lien rights of hotelkeepers and lodginghouse keepers are out of the case and were not considered by the court in reaching its determination. Rights of hotelkeepers and lodginghouse keepers under existing lien statutes have not been changed or disturbed by the decision, and any rights such persons had prior to its rendition still exist. Whether the relation of landlord and tenant existed was a fact question which the trial court resolved against the defendant. We approve the finding so made.

Rehearing denied.