STATE v. JESSE BROWN.[1]

November 10, 1938.

No. 31,713.

R. S. Lammers, for appellant.

William S. Ervin, Attorney General, Roy C. Frank, Assistant Attorney General, R. S. Wiggin, City Attorney, and Leo P. McHale, Assistant City Attorney, for the State.

PER CURIAM.

The defendant, Jesse Brown, was convicted of the crime of coercion under 2 Mason Minn. St. 1927, § 10431. This appeal is from the judgment of the lower court.

The defendant was the owner of a building located in Minneapolis. In October, 1937, he rented a certain apartment to the complainant, Mrs. Smith, and her husband. The apartment was small,

[1]Reported in 282 N. W. 136.

apparently consisting of only one room. The Smiths had complete control of it and maintained it as their home.

At the trial Mrs. Smith testified that her husband lost his wages through dissipation and was unable to pay the weekly rental due February 1. Thereupon the defendant removed the door to the apartment. When the complainant's husband returned home that evening he put the door back in place. The next day the defendant again removed the door and, in addition, took out a window. The temperature outdoors was approximately 32 degrees Fahrenheit.

Mrs. Brown, on behalf of the defendant, testified that the defendant in her presence gave Smith a week's notice to move. This notice apparently was not in writing.

Defendant testified that in the latter part of January, 1937, the Smiths defaulted in the payment of the weekly rent. He further testified that on January 23 he asked Smith if he would be out on the following Saturday, and Smith answered "yes." When the Smiths continued in possession after Saturday the defendant removed the door and window. His arrest and prosecution followed.

By 2 Mason Minn. St. 1927, § 10431, a person is guilty of coercion if he attempts wrongfully to intimidate another by threats of force with the intention to compel the other to do an act which he has the legal right to abstain from doing or prevent him from doing an act which he has the legal right to do. Consequently, if the Smiths had the legal right to possession at the time the defendant removed the door and window, his conduct constituted a violation of the statute.

Defendant urges that the tenancy was terminated and therefore at the time he sought to render the premises uninhabitable the complainant's possession was by virtue of an estate at sufferance. It is his contention that under such circumstances he had the common-law right to enter after the expiration of the tenancy and did not need to resort to unlawful detainer proceedings under 2 Mason Minn. St. 1927, § 9149. In finding the defendant guilty the trial court must have determined that the relationship of the parties was that of landlord and tenant and that it was not terminated as the defendant asserts. Whether or not the tenancy was terminated was

a question of fact to be determined by the court since there was not a jury. The finding is supported by evidence and will not be altered. The court was justified in finding the parties were in the relationship of landlord and tenant. State v. Bowman, 202 Minn. 44, 279 N. W. 214. This relationship exists when one person occupies the premises of another in subordination to that other's title. 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 5361. The Smiths had exclusive possession of the apartment, paying rent from week to week.

The question arises whether a landlord of a week-to-week periodic tenant may enter when the tenant has defaulted in the rent payments if he has not reserved a right of reëntry for such failure to pay or has not first properly terminated the tenancy. It was the settled rule of common law that in the absence of a reservation to that effect the landlord could not reënter under such circumstances. Jones, Landlord and Tenant, § 502, p. 582; Woodcock v. Carlson, 41 Minn. 542, 43 N. W. 479. Nor did a forfeiture of the estate result. Brown's Adm. v. Bragg, 22 Ind. 122. The reason for the common-law rule was logical. The tenant was regarded as the purchaser of an estate. He was obligated to pay rent as much as if he had bought a suit of clothes or a horse to be paid for by instalments. Clearly, the tailor could not repossess the suit upon default unless the right were reserved. Likewise, the landlord cannot retake possession of the premises when the tenant defaults unless he reserves the right. Modern statutes providing for unlawful detainer proceedings have given the landlord protection which he did not have at common law. He now has an efficient, summary remedy which in this state can be brought, although there has been no reservation of a right to reënter. Seeger v. Smith, 74 Minn. 279, 77 N. W. 3. All that is necessary to entitle the lessor to this summary relief is to show that the rent is unpaid. See Leifman v. Percansky, 186 Minn. 427, 429, 243 N. W. 446. Consequently the statutory law afforded the defendant adequate protection. Therefore there is not any reason for this court to depart from the common-law rule in the situation presented here.

It necessarily follows that since the tenancy was never terminated the Smiths were in lawful possession at the time the defendant attempted to make further retention of the premises impracticable. They had a right to remain in the apartment until dispossessed by the execution of a writ of restitution as provided by 2 Mason Minn. St. 1927, § 9163, or given notice to quit directed to the end of the rental period. Consequently, the defendant's conduct amounted to an attempt by a form of force to compel performance of an act which the Smiths had the legal right to refrain from doing. This conduct clearly violated the coercion statute. The conviction must stand.

Affirmed.