The opinion of the Court was afterwards drawn up by
Wilde J.
The demandant’s title, as appears by the facts agreed, is derived from one Thomas Cushing, and through him from David Thacher and Isaiah Smalley, three undivided fourth parts being derived from Thacher, and the remaining fourth part from Smalley. And as the titles of Thacher and *180 Smalley depend on different principles, they will be consideren separately.
It appears that on the 28th of December, 1807, an agreement was made between Thacher and Smalley respecting the erection and use of certain salt-works, then contemplated to be built, and which are now standing on the demanded premises. By the terms of this agreement Thacher was to furnish „Le materials for the salt-works, and Smalley was to furnish the land upon which they were to be erected. In pursuance of this agreement Smalley afterwards procured a lease of a tract of land, including the demanded premises, from one Ricketson the owner, by which the same was granted and demised to him for an indefinite period of time, and so long as the salt-works then intended to be erected should continue to be used. By virtue of this lease the legal estate was vested in Smalley during his life, determinable by his ceasing to occupy the salt-works. On the 8th of April, 1817, Smalley conveyed an undivided fourth part of the demanded premises to Thomas Cushing. This was intended as a mortgage or security, and a bond of defeasance was given by Cushing to Smalley, but as this bond was not registered, and as the demandant had no knowledge of it when he extended his execution on the premises as the estate of Cushing, it is very clear, we think, that his title cannot be affected by that bond.[1] The demandant therefore acquired by the levy of his execution against Cushing all the original title of Smalley to an undivided fourth part of the premises ; and as to this part he would be clearly entitled to recover, but for the death of Smalley. By his death the estate of the demandant was determined, and his right of action destroyed. And this fact may be pleaded in bar of the action, or may be given in evidence on the general issue, if the parties so agree ; and it being thus agreed in this case, it is clear that the demandant’s title derived from Smalley can no longer be maintained. Jackson on Real Actions, 168.
The same objection would apply to the title derived from Thacher, if he and Smalley were seised in common, as the demandant contends they were, by virtue of their agreement, and by the erection of the salt-works. We are however of *181 opinion that Thacher had no legal title to the land ; and that, therefore, it is immaterial whether the salt-works are fixtures or not. [2] The legal estate was clearly in Smalley ; and if the works were fixtures, they passed with the land, and if they were personal property, the demandant acquired no title to them by the levy of his execution. All the right or interest which Thacher had in the land was a parol license to enter for the purpose of repairing and using the salt-works ; but this is not such a title as would enable him or his assigns to maintain a writ of entry. He was never seised, and therefore could not be disseised.
Nor can the demandant recover on his title by disseisin, or by estoppel.
True it is, that Cushing, by virtue of the levy of his execution against Thacher, became actually seised by disseisin, and this title passed to the demandant under the levy of his execution against Cushing. But this was a wrongful seisin, and was defeated or determined by the entry of Smalley. He entered in 1823, and since that time he and one Nathaniel Cushing, and their representatives, (the tenants being administrators of Nathaniel Cushing,) have occupied the premises ; so that it is clear that the demandant cannot now recover on a title by disseisin.
Nor can he recover on a title by estoppel. Smalley and Ricketson were strangers and not parties to the proceedings between Thomas Cushing and David Thacher. They acted merely as appraisers, and had no right to object to the form of the proceedings. And besides, they might have been, and probably were, ignorant of their legal rights ; and they were not bound to inform themselves as to the irregularity of the proceedings. As to the deed from Smalley to Cushing, his right only passed by it, and not a fee by disseisin. The words of the grant are, “ all my right, title and interest, in and to one undivided fourth part,” &e. It is true that the language of the covenants is more extensive ; but this will not enlarge the words of the grant so as to work a constructive disseisin of the land.
*182 Upon, the whole, therefore, we are of opinion that the de' mandant is not entitled to recover, and according to the agree* ment of the parties he is to be nonsuited.

Judgment for tenants for costs

 See Newhall v. Burt, ante, 159, note 2

 See Chitty on Contr. (4th Am. ed.) 284 to 288, and notes.