### BRAVO C. DUNBAR *vs.* THOMAS J. DUNBAR.

A release from " all claims, demands, actions and causes of action, which I now have against him, whether in my own name, or in the name of other persons, held by me, or owned by me, and particularly from the debt and costs in two actions " (specified,) " which are to be entered ' neither party,' " is a general release.

DEBT on a judgment recovered by the plaintiff against the defendant in the court of common pleas for the county of Bristol, at March term 1833, for two thousand dollars, more than half of which remained unpaid. Answer, an assignment of said judgment to Cyrus Lothrop, and a release thereof by him. The parties submitted to the judgment of the court the question whether this action was barred by that release, of which the following is a copy :

" Know all men by these presents, That I, Cyrus Lothrop, of Easton, in the county of Bristol, esquire, in consideration of a promissory note for two hundred dollars, signed by Thomas J. Dunbar, of even date herewith, the receipt of which note I hereby acknowledge, do hereby remise, release and discharge the said Thomas J. Dunbar of and from all claims, demands, actions and causes of actions, which I now have against him, whether in my own name, or in the name of other persons, held by me, or owned by me; and particularly from the debt and costs in two actions now in the court of common pleas of Bristol county, Cohannet Bank vs. Dunbar and others, and N. Houghton & Co. vs. Dunbar; and all the defendants named in said Cohannet Bank vs. Dunbar and others are also hereby discharged from the cause or causes of action therein set forth, and 'neither party' shall be entered in both of said cases. Witness my hand and seal this 20th day of March A. D. 1844. Witness, H. G. O. Colby.          Cyrus Lothrop. [Seal.]"

*E. H. Bennett*, for the plaintiff. The release relied upon is no bar. The general words therein used are qualified and limited by the particular application to the two suits pending. Bac. Ab. Release, K. *Knight* v. *Cole*, 1 Show. 150, and 2 Mod. 277. *Thorpe* v. *Thorpe*, 1 Ld. Raym. 235. *Butcher* v. *Butcher*, 1 New Rep. 113. *Payler* v. *Homersham*, 4 M. & S. 423. *Solly* v. *Forbes*, 2 Brod. & Bing. 38. *Simons* v. *Johnson*, 3 B. & Ad. 175. *Jackson* v. *Stackhouse*, 1 Cow. 122. *McIntyre* v. *Williamson*, 1 Edw. Ch. 34. *Lyman* v. *Clark*, 9 Mass. 235. *Rich* v. *Lord*, 18 Pick. 322. *Averill* v. *Lyman*, 18 Pick. 346.

*L. F. Brigham*, for the defendant.

SHAW, C. J. Certainly great liberality is allowed in construing releases. The intent is to be sought from the whole and every part of the instrument; and where general words are used, if it appears by other clauses of the instrument, or other documents, definitely referred to, that it was the intent of the parties to limit the discharge to particular claims only, courts, in construing it, will so limit it.

The more common cases are those where there is a recital, specifying the object and purpose of the release, referring to a

specific debt or class of debts, especially in a composition deed, where the instrument is to be signed by many, and the words of release are general, or where there is a schedule annexed, or referred to, in which cases it will be limited to the debts specified or expressed in the schedule. And where a specific mortgage is excepted by implication, the debt secured by such mortgage is also excepted. *Rich* v. *Lord,* 18 Pick. 322. *Averill* v. *Lyman,* 18 Pick. 346. So where certain debts, claims and subjects of controversy are released, followed by general words, they shall be construed to be limited to the subjects enumerated, or those of a like kind and character, if such be the fair intent. *Simons* v. *Johnson,* 3 B. & Ad. 175.

Construing the release in question by these tests, the court are of opinion that it is not limited to the two claims for which actions were pending, named in the instrument.

Where general words are used, and there is nothing in the instrument to limit them, the words, as in other instruments, are to be construed most strongly against the releasor. *Jackson* v. *Stackhouse,* 1 Cow. 122. So in the case of *Averill* v. *Lyman,* already cited, after stating the various grounds of exception from the general words, on account of other particular provisions or references, it is added : " Still, if it be clear from the whole instrument that they [namely, general demands] are not excepted, they will be included." 18 Pick. 353.

In this release, the releasor begins by releasing and discharging all demands and causes of action, " whether in my own name, or in the name of other persons, held or owned by me." He does not first specify particular debts, and then add general words. The two demands specified afterwards were specified for a particular purpose, and to afford an easy remedy by entering " neither party." Had they stood upon the terms of the release only, though barred and intended to be barred, the defendant would have been compelled to plead the assignment to Lothrop and the release by him, and go through an expensive trial, at the risk of paying costs, or failure of making good his defence. But these two particular demands were assigned demands, on which actions were pending ; and by an agreement

that " neither party " should be entered, the parties understood that the actions. would be disposed of promptly, and without costs to either.

No inference therefore is to be drawn, from a specification of these two demands, that other demands, due to Lothrop in his own name, or as assignee, were not intended to be released by this settlement ; and nothing in any recital, schedule, or other part of the instrument, expressed or referred to, indicates that such was the intent of the parties.

*Judgment for the defendant.*