## JOHN ELY v. ANDREW J. RANDALL.[1]

May 7, 1897.

Nos. 10,573—(94).

**Lease—Construction—Duration.**

> A certain lease construed, and *held* not to be a lease merely for the term of five years, but for such length of time as the lessee shall personally perform the conditions specified.

Appeal by plaintiff from a judgment for defendant in the district court for Le Sueur county, after a trial before Cadwell, J. Affirmed.

*G. S. Ives*, for appellant.

*Thos. Hessian*, for respondent.

CANTY, J. The only question in this case is whether the lessee in the lease hereinafter referred to took for a longer term than five years. The lease is dated April 23, 1890, and by it Ely the plaintiff, leases to Randall, the defendant, certain described premises. The lease then proceeds:

"To hold for the term of five years, with the privilege of holding it longer. A consideration for holding possession of said described premises is that said lessee, A. J. Randall, does covenant to keep a post office and a store of merchandise; and if, at any time, the said lessee shall cease to keep a post office and a store, then this obligation on the part of the first party shall become null and void. As long as the said A. J. Randall shall keep his part of the contract and keep the premises in good repair, he shall enjoy peaceful possession. It is further agreed between the parties above named that in case the party of the second part should, for any cause, see fit to cease keeping said post office and store, that he shall have the right to remove his buildings, but to do no damage to fruit or other trees; the apples that grow on the premises to be equally divided."

No rent or other consideration was agreed to be paid by the lessee, beyond the performance of the conditions above recited. After the execution of the lease, the defendant went into possession of the leased land; built a store and dwelling house thereon, at a cost of $590; has ever since resided on the premises; and has kept a store and United States post office thereon; and has performed all the conditions of the

[1] Reported in 70 N. W. 980.

lease on his part.    At the end of five years from the date of the lease, plaintiff demanded possession from defendant.    The latter refused to surrender possession, and this action was brought to recover the same. On the trial before the court, without a jury, the court found for defendant.    From the judgment entered accordingly, plaintiff appeals.

We are of the opinion that the lease is not for a term of five years, but for such length of time as the lessee shall personally perform the specified conditions, which, of course, cannot be longer than the period of his natural life.    The leased land is a little over one-half acre in area, carved out of a government subdivision in Le Sueur county, and, so far as appears, is not in any city or village.    The lessee not only had a right to hold the land for five years, if he did not sooner fail to perform the conditions, but he had "the privilege of holding it longer." Of course, if this last clause stood alone, it might be void for uncertainty.    But it does not stand alone.    Construing it with another clause above quoted, the meaning is apparent, and the uncertainty ceases.    "As long as the said A. J. Randall shall keep his part of the contract, and keep the premises in good repair, he shall enjoy possession."    What other meaning can be given to these clauses when read together, or to the whole lease when so read?    It seems to us that the clause last above quoted was inserted for the purpose of explaining what was meant by the former clause, giving him a right to hold for a longer term than five years.

Judgment affirmed.