RANSOM L. LAWTON v. FRANK H. JOESTING and Another.[1]

November 10, 1905.

Nos. 14,508—(59).

**Judicial Construction of Writing.**

The sole office of the rules of judicial construction is to ascertain and declare the intention of the parties, as made apparent and evidenced by the language of the instrument construed, taken in its entirety, and particular forms of expression, technical legal phraseology, and rules of grammatical analyzation are not conclusive. The writing is taken as a whole, and the various provisions thereof, if incongruous and inconsistent, made to harmonize and unite in a consistent agreement in consonance with the intention of the parties.

**Construction of Deed.**

A deed of real property conveyed to the grantee "a perpetual easement, for the purpose of a public levee or street only, over and upon lot number 2 in block A, lots number 3 and 4 in block C * * * in Robertson's addition to West St. Paul, according to the recorded plat thereof, and also lots numbered 5 and 6 in block 2 in Marshall's addition to West St. Paul. * * *" *Held*, that a perpetual easement only was transferred and conveyed by the deed, not only to the lots in Robertson's addition, but also to those in Marshall's addition. The words "over and upon," immediately preceding the description of the lots in Robertson's addition, must, to effectuate the intention of the parties, be supplied by intendment immediately preceding the description of the lots in Marshall's addition.

Action in the district court for Ramsey county commenced by Security Trust Company as assignee of Daniel D. Merrill (for which Ransom

[1] Reported in 104 N. W. 830.

M. Lawton was afterwards substituted as plaintiff) to recover from defendants the possession of certain land and $1,150 for the use and occupation thereof. The case was tried before Kelly, J., who found in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Durment & Moore,* for appellant.

*John W. Pinch* and *Samuel Whaley,* for respondents.

BROWN, J.

The facts in this case are substantially like those presented in the case of Sanborn v. Van Duyne, 90 Minn. 215, 219, 96 N. W. 41; but for a proper understanding of the present opinion a restatement is necessary. They are, in short, as follows: On and for some time prior to August 16, 1883, one Daniel D. Merrill was the owner of lots numbered 5 and 6 in block 2, located on the west bank of the Mississippi river, in Marshall's addition to West St. Paul. Prior to the date named the municipal authorities of the city of St. Paul instituted certain proceedings to condemn the same and other real property similarly situated and adjacent thereto for levee purposes, all of which land so sought to be condemned belonged to and was the property of said Merrill; a portion thereof being situated in Robertson's addition to West St. Paul, and a portion in Marshall's addition, and all bordering upon the Mississippi river and subject to overflow in time of high water, a considerable portion of some of the lots being in the bed of the river. The proceedings to condemn were irregular, and doubt existed on the part of the municipal authorities as to their validity, and to obviate any such defect an agreement was entered into between the city and Merrill by which the latter conveyed the property to the city for the consideration of $700. The conveyance was in the form of a warranty deed; the part here important being as follows:

> This indenture, made this 16th day of August, in the year of our Lord one thousand eight hundred and eighty-three, between Daniel D. Merrill and Alice K. Merrill, his wife, of Ramsey county, Minnesota, parties of the first part, and the city of St. Paul, Ramsey county, Minnesota, party of the second part, witnesseth: That the said parties of the first part, in consideration

of the sum of seven hundred ($700) dollars to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, sold, and conveyed and do by these presents grant, bargain, sell, and convey, to the said party of the second part, its successors, heirs, and assigns, forever, all those tracts, pieces, or parcels of land lying and being in the county of Ramsey and state of Minnesota, described as follows, to wit: A perpetual easement, for the purpose of a public levee or street only, over and upon lot number two (2) in block A, lots number three (3) and four (4) in block C, lots number one (1) and two (2) and three (3) in block E, lot five (5) in block one hundred and eighty-three (183), and lots four (4) and five (5) in block one hundred and eighty-eight (188), all in Robertson's addition to West St. Paul, according to the recorded plat thereof, and also lots numbered five (5) and six (6) in block two (2) in Marshall's addition to West St. Paul, according to the recorded plat thereof in the office of the register of deeds in and for said county.

The city never made use of the property for the purposes for which it was acquired, namely, levee or street purposes; but under and pursuant to chapter 34, p. 255, Sp. Laws 1891, being an act to authorize the common council of the city of St. Paul to lease this particular property, the municipal authorities leased the same to the defendants in this action, who have erected thereon a manufacturing establishment, the buildings being so erected that they can be readily removed without injury to the real estate, and they are now in possession of the property under and by virtue of that contract, claiming no other right or title. In 1893 Merrill became insolvent and made a general assignment for the benefit of his creditors to the Security Trust Company. The trust company accepted the trust imposed by the assignment, and at the time of the commencement of this action was acting in that capacity, and brought the same as assignee of Merrill. Subsequently the trust company duly sold and transferred to the plaintiff, Lawton, all of Merrill's right, title, and interest in and to the lands, and he was duly substituted as plaintiff in the action, so that the controversy is now between Lawton, who has succeeded to the rights of Merrill, through the trust company, assignee,

and the defendants, and the sole question presented for consideration is the extent of the estate or interest the city acquired to the land under the deed from Merrill.

The learned trial court, after a careful consideration of the language of the deed and the authorities, concluded that an absolute fee was conveyed to the city, and that no interest or right passed to the trust company by the Merrill insolvency assignments, and that Lawton acquired nothing by his purchase. The deed in the Sanborn case, supra, granted, bargained, sold, and conveyed a

> Perpetual easement for the purpose of a public levee over and upon lots one (1) and two (2) of block 183, and over and upon lots 1, 2, and 3, block "F," all in Robertson's Addition to West St. Paul.

Under that language we held that an easement only was transferred to the city, the fee remaining in the original grantor, and that the city had no right to divert the land from the purposes for which it was acquired by leasing it to third persons for use in a private enterprise. Such must be the result in the case at bar unless the language of the deed here under consideration requires a different conclusion.

The language of this deed is ambiguous to such an extent as to call for the construction and interpretation of the court. In applying the usual rules on that subject we have little difficulty in arriving at a conclusion. Rules of construction are brought into requisition only for the purpose of ascertaining the intention of the parties, where that intention is not made clear by their written contract. The general rule applicable to this branch of the law is well expressed in the case of Grueber v. Lindenmeier, 42 Minn. 99, 100, 43 N. W. 965: "Technical rules of construction are not favored, and are not to be so applied as to defeat the intention of the parties; for, as was said in Witt v. St. Paul & N. P. Ry. Co., 38 Minn. 122, 35 N. W. 862, such rules of construction in modern times have given way to the more sensible rule, which is, in all cases, to give effect to the intention of the parties, if practicable, when no principle of law is thereby violated. Too much stress is not to be laid on the grammatical construction or forms of expression used. The cardinal rule of construction is to ascertain and give effect to the

intention of the parties to the instrument; and to this end the court must consider all parts of it, and the construction must be upon the entire deed, and not upon disjointed parts. And, if the language is ambiguous, resort may be had to evidence of the surrounding circumstances and the situation of the parties, if necessary, in order to throw light upon their intention."

The principles thus expressed will be found running through all the decisions of this and other courts in cases involving the construction of ambiguous instruments. Lindley v. Groff, 37 Minn. 338, 34 N. W. 26; Witt v. St. Paul & N. P. Ry. Co., supra; Rose v. Roberts, 9 Minn. , 109 (119); Flaten v. City of Moorhead, 51 Minn. 518, 521, 53 N. W. 807; Tingue v. Patch, 93 Minn. 437, 101 N. W. 792; Bates v. Foster, 59 Me. 157; Miller v. Hannibal, 90 N. Y. 430; Bent v. Rogers, 137 Mass. 192.

It may be said, speaking generally, that in entering into a contract the parties thereto have some definite object or purpose in view, and that the language employed by them in expressing their engagements and the forms of expression used are directed towards and intended to indicate and disclose that purpose. The sole office of the rules of judicial construction is to ascertain and declare that purpose, as made apparent and evidenced by the language of the instrument construed, taken in its entirety, and particular forms of expression, technical legal phraseology, and rules of grammatical analyzation, are not conclusive. The writing is taken as a whole and the various provisions thereof, if incongruous and inconsistent, made to harmonize and unite in a consistent agreement in consonance with the intention of the parties. 17 · Am. & Eng. Enc. (2d Ed.) 5.

In the light of these rules we inquire, in the case at bar, what was the intention of the parties to this deed, as gathered from the whole instrument? What main object or purpose had they in mind at the time of its execution? In arriving at such intention and purpose, we construe the deed in connection with the situation of the parties, the condition of the property, the purpose for which it could be utilized, and the apparent object of the city in acquiring it. So far as the record discloses there was no substantial difference between the lots in Robertson's addition and those here involved, which were in Marshall's addi-

tion. They were valuable for levee purposes only in their then condition, and the city had instituted proceedings in condemnation for the purpose of acquiring them for that use. It was not necessary to the vestiture of that right in the city that the fee to the lots be conveyed, and as to the lots in Robertson's addition it is beyond controversy that the parties intended by the transaction the transfer or grant of an easement only. The city could in any event acquire only a qualified or terminable fee (Fairchild v. City of St. Paul, 46 Minn. 540, 49 N. W. 325), which would lapse by nonuser; and the language of the deed here before us does not, within the rules we have adverted to, disclose an intention to grant to the city any greater right or title to the lots in question than to those in Robertson's addition. No reason for such a distinction is found in the situation of the property, its character or value of the land, or the uses for which it was adapted.

It is urged that because the words "over and upon," as they appeared immediately preceding the description of the lots in Robertson's addition, were not repeated in that portion of the deed describing the lots in question, which were in Marshall's addition, the intention of the grantors is thus clearly shown to have been to convey the fee to these particular lots, and not a mere easement. We do not concur in this contention, even from a grammatical point of view. To give effect to the intention of the parties as disclosed by the entire instrument, in connection with the situation of the property and the purposes for which it was conveyed to the city, the words "over and upon," immediately preceding the mention of the lots in question, must be supplied by intendment. Properly construed, the description will read "a perpetual easement over and upon lot 2 in block A, lots 3 and 4 in block C, * * * in Robertson's addition to West St. Paul, * * * and also over and upon lots 5 and 6 in block 2 in Marshall's addition to West St. Paul." This result harmonizes with, not only the manifest intention of the parties, but the proper grammatical construction of the language.

The form used for this transfer was that of a warranty deed, containing the usual covenants and clauses incident to that form of conveyance; but these various provisions must be construed in the light of the whole instrument, and not by any arbitrary or technical legal rules ordinarily applied thereto.

It follows that the learned trial court was in error in holding that an absolute fee passed by the deed in question, and the order denying plaintiff's motion for a new trial is reversed, and a new trial granted.

Order reversed.