HELEN A. THOMPSON v. CHARLES BAXTER.[1]

February 11, 1909.

Nos. 15,939—(214).

**Tenancies Defined.**

The essentials of tenancies at will, at sufferance, and from month to month pointed out, and distinguished from life estates.

**Lease Construed to Give Life Estate.**

A lease of urban real property, conditioned respecting the term of the tenancy in the following language: "To have and to hold the above-rented premises unto the said party of the second part, his heirs, executors, administrators, and assigns, for and during the full term of while he shall wish to live in Albert Lea, from and after the first day of December, 1904"—*held* to vest in the tenant a life estate, terminable only at his death or removal from Albert Lea.

Action in the district court for Freeborn county, on appeal from justice court, for restitution of premises claimed to be unlawfully held. There was no dispute as to the facts and the case was tried without a jury before Kingsley, J., who found that defendant was entitled to a life estate in the premises and ordered that the action be dismissed. From this order, plaintiff appealed. Affirmed.

*N. E. Peterson*, for appellant.

*Dunn & Carlson* and *John G. Skinner*, for respondent.

BROWN,

Proceedings in forcible entry and unlawful detainer, instituted in justice court, where defendant had judgment. Plaintiff appealed to the district court, where a like result followed. From the judgment of that court she appealed to this court.

The action involves the right to the possession of certain residence property in the city of Albert Lea, and was submitted to the court below upon the pleadings and a stipulation of facts. It appears that plaintiff is the owner of the premises; that she acquired title thereto by purchase from a former owner, who had theretofore entered into a contract by which he leased and demised the premises to defendant

[1] Reported in 119 N. W. 796.

at an agreed monthly rent of twenty two dollars; and plaintiff's title is subject to all rights that became vested in defendant thereby. The lease, after reciting the rental of the premises and other usual conditions, contained upon the subject of the term of the tenancy, the following stipulation: "To have and to hold the above-rented premises unto the said party of the second part [the tenant] his heirs, executors, administrators, and assigns, for and during the full term of while he shall wish to live in Albert Lea, from and after the first day of December, 1904." The only question involved under the stipulation is the construction of this provision of the lease. Defendant has at all times paid the rent as it became due; but, if plaintiff has the right to terminate the tenancy and eject him, proper notice for that purpose has been given. Appellant contends that the lease created either a tenancy at will, at sufferance, or from month to month, and that plaintiff could terminate the same at any time by proper notice. The trial court held, in harmony with defendant's contention, that the contract created a life estate in defendant, terminable only at his death or removal from Albert Lea. Appellant assigns this conclusion as error.

A determination of the question presented involves a construction of the lease and a brief examination of some of the principles of law applicable to tenancies at will, at sufferance, from month to month, and life estates. Deeds, leases, or other instruments affecting the title to real property are construed, guided by the law applicable to the particular subject, precisely as other contracts are construed, and effect given the intention of the parties. Lawton v. Joesting, 96 Minn. 163, 104 N. W. 830; Whetstone v. Hunt, 78 Ark. 230, 93 S. W. 979, 8 Am. & Eng. An. Cas. 443, and extended note. The contract before us, though somewhat peculiar and unusual as to the term of the tenancy intended to be created, is nevertheless clear and free from ambiguity. It granted the demised premises to defendant "while he shall wish to live in Albert Lea." The legal effect of this language is, therefore, the only question in the case.

Tenancies at will may be created by express words, or they may arise by implication of law. Where created by express contract, the writing necessarily so indicates, and reserves the right of termination to either party, as where the lease provides that the tenant shall occupy the premises so long as agreeable to both parties. Richardson v.

Langridge, 4 Taunt. 128; Say v. Stoddard, 27 Oh. St. 478. Such tenancies arise by implication of law where no definite time is stated in the contract, or where the tenant enters into possession under an agreement to execute a contract for a specific term and he subsequently refuses to do so, or one who enters under a void lease, or where he holds over pending negotiations for a new lease. The chief characteristics of this form of tenancy are (1) uncertainty respecting the term, and (2) the right of either party to terminate it by proper notice; and these features must exist, whether the tenancy be created by the express language of the contract or by implication of law. An accurate definition is given in 1 Wood, Landlord & Tenant, 43, in the following language: "A tenant at will is one who enters into the possession of the lands or tenements of another, lawfully, but for no definite term or purpose, but whose possession is subject to termination by the landlord at any time he sees fit to put an end to it. He is called a tenant at will 'because he hath no certain or sure estate, for the lessor may put him out at what time it pleaseth him.' "

A tenancy at sufferance arises where the tenant wrongfully holds over after the expiration of his term, differing from the tenancy at will, where the possession is by the permission of the landlord. 4 Kent, Com. 117; Edwards v. Hale, 9 Allen (Mass.) 462. He has a naked possession without right, and, independent of statute, is not entitled to notice to quit. 1 Wood, Landlord & Tenant, § 8. It also arises where a mortgagor holds over after the expiration of the period of redemption on foreclosure. Stedman v. Gassett, 18 Vt. 346. In fact, this relation exists in all cases where a person who enters lawfully into the possession wrongfully holds possession after his estate or right has ended. Kinsley v. Ames, 2 Metc. (Mass.) 29; Jackson v. McLeod, 12 Johns. (N. Y.) 182; 2 Blackstone, 150; 1 Wood, Landlord & Tenant, 7.

A tenancy from month to month or year to year arises where no definite time is agreed upon and the rent is fixed at so much per year or month, as the case may be, and is terminable at the expiration of any period for which rent has been paid. Finch v. Moore, 50 Minn. 116, 52 N. W. 384. This form of tenancy can never exist where the lease or contract prescribes a fixed time. The mere fact that rent is payable monthly does not alone determine the character of the tenancy.

The monthly or yearly payments and an intention to limit the term to a month or year must in all cases concur to create this species of tenancy.

From these general principles of the law of tenancy it is quite clear that the lease under consideration does not come within either class mentioned. Its language does not expressly define it as a tenancy at will, and no such relation arises by implication, for the reason that the term is not indefinite, within the meaning of the law on this subject, nor is the right to terminate the lease reserved to the lessor. Indefiniteness or uncertainty as to the term of the lease is illustrated by instances where one occupies land by the naked permission of the owner (Hull v. Wood, 14 Mees. & W. 681; Williams v. Deriar, 31 Mo. 13; Larned v. Hudson, 60 N. Y. 102), or a person who holds under a void deed (Stamper v. Griffin, 20 Ga. 312, 65 Am. Dec. 628; Executors v. Houston, 16 Ala. 111), or where he enters under an agreement for a lease not yet executed (Emmons v. Scudder, 115 Mass. 367), or under a lease until the premises are sold (Lea v. Hernandez, 10 Tex. 137; Ela v. Bankes, 37 Wis. 89), and under various circumstances where no time is specifically agreed upon. In the lease under consideration the tenancy is limited by the time defendant shall continue to dwell in Albert Lea, and this limitation takes the case out of the class of tenancies at will. It is equally clear that a tenancy at sufferance was not created by the contract. There has been no wrongful or unlawful holding over after the expiration of the term. Nor does the rule of tenancy from month to month apply for the reasons already pointed out.

We therefore turn to the question, the turning point in the court below, whether the instrument created a life estate in defendant within the principles of law applicable to that branch of land titles. It is thoroughly settled that a life estate may be created by a deed, lease, or devise, either with or without a stipulation for the payment of rent. This class of tenancies differs in many essential respects from tenancies at will, or from year to year, or at sufferance; the principal distinction being that the former confers a freehold upon the tenant, and the latter a mere chattel interest. The lease under consideration embodies all the essentials of a life tenancy. It contains the usual words of inheritance, necessary at common law, running to defendant, "his heirs,

executors, administrators, and assigns," and grants the right of occupancy for the term stated therein.

Life estates or life tenancies are clearly defined in the books, and the lease here involved brings it within this class of estates. 1 Taylor, Landlord & Tenant, §§ 52, 53, states the rule as follows: "An estate for life may be created either by express limitation or by a grant in general terms. If made to a man for the term of his own life, or for that of another person, he is called a tenant for life. But the estate may also be created by a general grant, without defining any specific interest, as where a grant is made to a man, or to a man and his assigns without any limitation in point of time, it will be considered as an estate for life, and for the life of the grantee only. * * * Where a grant is made, subject to be defeated by a particular event, and there is no limitation in point of time, it will be ab initio a grant of an estate for life, as much as if no such event had been contemplated. Thus, if a grant be made to a man so long as he shall inhabit a certain place, or to a woman during her widowhood, as there is no certainty that the estate will be terminated by the change of habitation or by the marriage, respectively, of the lessees, the estate is as much an estate for life, until the prescribed event takes place, as if it had been so granted in express terms."

The author's statement of the law is sustained by the other writers on the subject (4 Kent, Com. 27; 2 Blackstone, 121), and by the adjudicated cases. In Warner v. Tanner, 38 Oh. St. 118, a life estate was held to be created by a lease for a yearly rent extending during the time the lessee should continue to occupy the premises for a particular purpose. In Mickie v. Lawrence, 5 Rand. (Va.) 571, 574, the grant was to continue so long as the tenant should pay the stipulated rent. It was held a life estate. A grant "so long as the waters of the Delaware shall run" was held in Foster v. Joice, 3 Wash. C. C. 498, Fed. Cas. No. 4,974, to create a life estate. In Hurd v. Cushing, 24 Mass. 169, the premises were leased at a fixed yearly rent for the term "so long as the salt works" to be located thereon should continue in operation. It was held a life estate. In Thomas v. Thomas, 17 N. J. Eq. 356, it was held that a right given by a will to occupy at a specified annual rent certain premises so long as the devisee "may desire to occupy the same as a drug store" amounted to an estate for life. See

also to the same effect, 16 Cyc. 614; Maverick v. Gibbs, 3 McCord (S. C.) 315; People v. Gillis, 24 Wend. 201; Roseboom v. Van Vechten, 5 Denio, 414; Ely v. Randall, 68 Minn. 177, 70 N. W. 980.

The lease in the case at bar comes within the rule of these authorities, and the trial court properly held that it vested in defendant a life estate, terminable only at his death or his removal from Albert Lea.

Judgment affirmed.