## BELL LUMBER COMPANY v. FRANK F. SEAMAN AND OTHERS.[1]

February 16, 1917.

Nos. 20,119—(58).[2]

**Contract — construction — question of law, when.**

1. When the terms of a written contract are plain and unambiguous the construction and effect thereof present a question of law for the trial court.

**Same — error in submitting question to jury.**

2. The terms of the contract referred to in the opinion *held* not uncertain or ambiguous, and that the trial court erred in admitting evidence in explanation thereof, and also in submitting the construction of the same as a question of fact to the jury.

Action in replevin in the district court for Itasca county or, if possession of the property could not be had, to recover $800, its value, and $300 for its detention. The case was tried before Stanton, J., who when plaintiff rested and at the close of the testimony denied defendants' motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $806.24, less four items in dispute amounting to $181.22. From an order denying their joint and several motions for judgment in their favor notwithstanding the verdict or for a new trial as to each and all of them, defendants appealed. Reversed.

*J. W. Reynolds,* for appellants.

*Thwing & Rossman,* for respondent.

QUINN, J.

This action was brought to recover the possession of certain timber products, poles and posts, alleged to be wrongfully detained by defendants. Plaintiff had a verdict and defendants appealed from an order denying their motion for judgment or a new trial. Defendant Frank F. Seaman is the principal defendant in interest, and in the statement

[1]Reported in 161 N. W. 383.

[2]October, 1916, term calendar.

of the case will be referred to as defendant. The facts of the case are substantially as follows:

Plaintiff is a corporation engaged in dealing in timber products, such as ties, poles, posts and pulpwood, with its office and place of business at Minneapolis. Defendant is similarly engaged, with his headquarters and place of business at Deer River. On November 1, 1913, defendant was the owner and holder of a timber deed, under which he was authorized to enter upon the land therein described and to cut and remove all merchantable timber standing thereon. The deed was then held by defendant Henry G. Seaman, and one Beall, as security for the payment of $2,500, then due them from defendant. On the date stated negotiations between plaintiff and defendant resulted in a transfer to plaintiff of the timber deed and all the rights thereby conferred, and the execution of the contract involved in this action, referred to in the record as Exhibit A. At the time of the transaction defendant was indebted to plaintiff in the sum of $1,000 which was increased to the sum of $3,500 by the payment by plaintiff of defendant's debt to Seaman & Beall of $2,500.

By this contract plaintiff undertook and agreed with defendant to "log the land" covered by the timber deed, and to cut and remove therefrom all merchantable timber, banking the same for shipment at what is designated in the record as "county road yard," a landing owned and controlled by defendant, and equipped with appliances for loading logs upon cars for shipment to the market. The contract contemplated and required that the work of cutting and removing the timber be fully completed by November 1, 1914, at which time provision was made for a final settlement between the parties. By its terms plaintiff agreed to pay to defendant the difference between the actual cost of the logging operations and the detailed prices, attached to the contract, provided such cost of operation was less than said prices. The contract further required defendant to deliver to plaintiff, at said county road yard, all timber products by him purchased from third persons during the life of the contract, the same to be paid for by plaintiff at the schedule of prices referred to.

Thereafter a large quantity of timber was cut and removed from the land covered by the timber deed, and delivered at the county road yard.

Defendant owned another loading yard, located at Deer River, which is referred to in the record as the Deer River yard. Defendant purchased quantities of timber from third persons and delivered the same in part at the county road yard and in part at the Deer River yard. November 1, 1914, appeared, and defendant insisted upon a final settlement, and it was not forthcoming; it was delayed by plaintiff. The parties became involved in a serious controversy respecting their rights under the contract, and the breach widened as time passed without a settlement. Defendant finally took possession of the material in both yards and refused to permit plaintiff to take or ship any part thereof. Whereupon plaintiff commenced an action to recover the possession of all such material then in stock in both yards. The action was commenced on February 24, 1915. Three days later, on the twenty-seventh of the same month, the parties got together and entered into another agreement for the purpose of settling and adjusting their differences. Plaintiff had made certain advances to aid defendant in his logging operations, and at the time of this settlement defendant was indebted to plaintiff on account thereof in the sum of $9,337.53, including the $3,500 which was due and owing plaintiff when the original contract was entered into.

At the time stated the parties entered into a written agreement by which their differences were intended to be settled, and the action to recover the timber products dismissed. The agreement refers to the timber deed, heretofore mentioned; the contract under which the logging operations had theretofore been carried on; the fact that certain timber, ties, poles and other products had been gotten out from the timber deed lands, and that defendant had purchased other timber products from third parties, all of which had been delivered at said loading yards. While the contract makes no express reference to the delivery at the Deer River yard of material from the timber deed lands, some evidence was tendered by plaintiff on the trial to show that such delivery had been so made. But this is unimportant, for plaintiff now concedes that none of the material in that yard at the time of the commencement of this action came from that land. After reciting the facts stated, the agreement proceeds and grants to plaintiff the right to take from the yards where the material was so in stock enough thereof to amount to the indebtedness then owing plaintiff by defendant, or ma-

terial of the value of $9,337.53. But to this privilege was added the following:

"It is understood and agreed that this agreement does not cover any timber except that coming from the lands described in the timber deed herein described, and the contract referred to * * * "

The replevin action was dismissed, but the agreement was not effective. The parties apparently were in a belligerent mood and further disputes arose, until finally defendant interposed a vigorous objection to the right of plaintiff to take any more of the material in stock at either the county road or the Deer River yard, under the authority given by the agreement or otherwise, until payment was made for the timber left uncut on the timber deed lands. Thereupon plaintiff brought the present action to recover the possession of the material described in the complaint, which was in stock in the Deer River yard. The action does not involve any of the material in the county road yard. Defendant interposed several defenses and counterclaims, among them being the defense that the contract of settlement of February 27 expressly excluded the right of plaintiff to take any material other than that which came from the timber deed lands, and that none of the material here in suit came from that land. The clause of the contract relied upon in support of the defense is that heretofore quoted and set out in full. The plaintiff recognized the force of this defense, and that it must prevail unless the contract in this particular could be explained away by parol evidence. Such evidence was offered and received on the trial over the objection and exception of defendant, and the question whether the parties intended to exclude all material not taken from the timber deed lands was submitted to the jury to be determined by them in the light of such evidence, and the facts and circumstances disclosed by the case.

The action of the court in admitting such evidence and in the instructions to the jury is assigned as error, and presents the only question we deem it necessary to consider. Other questions are suggested by counsel but a decision thereof is unnecessary to a determination of the present appeal. Our decision is limited to this case and to the particular here involved. It is probable that the parties may again get together and come to another agreement which will dispose of all the questions between them,

and thus avoid further expense in what would seem unnecessary litigation.

We are of opinion and so hold that the learned trial court erred in admitting parol evidence in explanation of the contract, and in submitting to the jury the question of the construction thereof. In our view of the language of the contract there is no ambiguity or uncertainty therein; the intention of the parties is clearly expressed thereby. The clause of the contract referred to expressly excludes from the material which the contract provides plaintiff may take, to the extent of the amount of his claim against defendant, all that which came from land other than that covered by the timber deed. The parties in putting the contract in writing had before them and were dealing in two classes of timber products, namely: (1) Material taken from the timber deed lands; and (2) material from other lands, purchased by defendant and delivered at either of the yards referred to. Both classes of material were stored in the county road yards, while but one class, namely, products from other lands, were stored at the Deer River yard. Had the latter yard contained no material at all when this action was brought, it is quite clear that plaintiff's right to take from the county road yard would be limited to that which came from the timber deed lands. The fact that the contract expressly refers to material at the Deer River yard, which the parties apparently assumed at the time included both classes of material, is not important, and in no way tends to throw ambiguity in the excluding clause referred to. As to the county road yard the contract is clear, and plaintiff's right to material therein is limited to that taken from the timber deed lands. No other construction can be given the contract as to that yard. In this light it is beyond question that the contract cannot mean one thing as to the material in that yard, and another thing as to the material in the other yard. It is not therefore ambiguous or doubtful in its terms, there was no occasion for parol explanation, and the construction thereof was for the court. 1 Dunnell, Minn. Dig. §§ 1817, 1841. The ingenious argument of counsel for plaintiff to the contrary is worthy of attention but is not persuasive.

The rulings of the trial court and the instructions complained of were therefore erroneous. The contract expressly excluded plaintiff from taking any of the property here in suit; plaintiff concedes that none there-

of came from the timber deed lands, and a verdict should have been directed for defendants. On no possible view of the evidence can it be claimed that defendant waived or estopped himself from the right to insist upon the contract as limiting plaintiff's right to the particular material. There is then no issue left for trial, and the controversy as to this material should be brought to an end. It is therefore ordered that the order appealed from be reversed with directions to the court below to enter judgment for defendants.