## NORTHERN WELDING COMPANY AND VULCAN PROCESS COMPANY v. L. E. JORDAN, H. A. HALLUM, J. C. HALLUM, AND C. H. BURROWS.[1]

July 22, 1921.

Nos. 22,222, 22,223.

**Contract — unequivocal language will not be construed by the court.**

1. A contract, which in plain terms obligates one party to save another harmless from any and all claims, is not limited by an especial reference to particular claims. Where language is unequivocal, rules of construction have no application.

**Indemnity contract — when subsequent breaches may be included.**

2. A contract to indemnify against claims on account of contracts, not intended to indemnify against subsequent breaches generally, may apply to subsequent breaches arising out of acts of an agent under a contract previously made authorizing him to perform such acts.

**When a party should violate his contract — test rule.**

3. Whether it was the duty of the party indemnified to violate the contracts with its agents, in order to mitigate damages, is to be determined by the test whether a reasonably prudent and diligent person would take such a course.

**When indemnitor is liable for expense of making defense to claim.**

4. Where an indemnitor is under obligation to defend against a claim and defense is tendered and refused, the indemnitor is liable for the reasonable expense of the defense.

[1]Reported in 184 N. W. 39.

Action in the district court for Hennepin county to recover $7,068.01 and for an accounting. Defendants' demurrers to the complaint on the ground that several causes of action were improperly united and that the complaint did not state facts sufficient to constitute a cause of action, were overruled. The case was tried before Hale, J., who made findings and ordered judgment in favor of plaintiffs. From the order denying their motions for a new trial, defendants appealed. Affirmed.

*George S. Grimes,* for appellants.

*Kingman, Cross, Morley & Cant* and *McDowell & Fosseen,* for respondents.

HALLAM, J.

On April 9, 1913, E. B. Teeple was doing business at Minneapolis under the name of Vulcan Process Company, and on that day sold to the Lewistown Iron Works of Lewistown, Fergus county, Montana, a Vulcan welding apparatus and equipment and by the contract of sale, agreed "to protect the Lewistown Iron Works for the county of Fergus, Montana, on our apparatus that we shall sell him, and guarantee not to place any other apparatus in said county without their consent." In June, 1913, defendant Jordan acquired a partnership interest in the business of the Vulcan Company. In July, 1913, the Vulcan Process Company was incorporated and took over all the property and assumed all debts, liabilities and obligations of Teeple and of the partnership. Teeple and defendant Jordan were directors and officers and actively engaged in the management of the corporation.

In February, 1914, the corporation, through its jobbers, sold a Vulcan welding apparatus and equipment to Herbert McHardie, a blacksmith in Fergus county, Montana. In April, 1915, the Lewistown Company sued the corporation for damages for breach of its contract because of the sale to McHardie. In January, 1916, it recovered a verdict for $4,200.

In 1915 Teeple retired and Jordan became the active manager of the corporation. In January, 1916, defendants H. A. and J. C. Hallum and Burrows purchased stock in the corporation and in March, 1916, defendants were the owners of practically all the stock of the corporation. In March, 1916, defendants sold their stock to the Northern Welding Company. This company had for some time been manufacturing the prod-

uct, the Vulcan Company selling it. A contract was entered into between the Northern Welding Company, party of the first part, the Vulcan Process Company, party of the second part, and defendants, parties of the third part. The contract contained this stipulation:

"Third parties hereby agree also that in further consideration of the covenants herein contained, they will at all times assume full liability for and save first and second parties harmless from any and all claims or damage suits on account of any contracts or agreements made by or for second party, or by any of its agents, officers or employes, for second party, prior to the date hereof (especial reference being had to a disputed account for twenty-one hundred and sixty dollars ($2160.00) with the Prest-O-Lite Company of Indianapolis, Indiana, a verdict for forty-two hundred dollars ($4200.00) secured by Lewistown Iron Works of Lewistown, Montana, against second party, and certain claims made by the Canadian Government for certain duties in reference to goods sold to the Auto-Lite Gas Company of Winnipeg, by second party."

In June, 1916, the verdict of $4,200 in favor of the Lewistown Iron Works was set aside and a new trial granted. In July, 1916, the Lewistown Iron Works brought a second action against the Vulcan Company for seven other breaches of the same contract, arising out of sales of apparatus to seven other concerns in Fergus county, on dates as follows: June 1, 1915; June 5, 1915; August 1, 1915; Jan. 15, 1916; May 15, 1916; June 15, 1916; June 20, 1916.

This action was consolidated with the first one and a verdict recovered for $4,600. Judgment was entered and the judgment paid.

In March, 1917, the Lewistown Iron Works commenced a third action against the Vulcan Process Company for five violations of the contract of April, 1913, resulting from sales on the following dates: October 7, 1916; November, 1916; December 1, 1916; December 5, 1916; January 30, 1917. Judgment was given for plaintiff for $1,885.82 and this was paid.

The trial court held defendants liable under their agreement of March 8, 1916, for the amount of both judgments and for attorney's fees and disbursements in the last mentioned action. All defendants appeal, defendant Jordan appealing separately.

1. Defendants contend that the contract of defendants obligated

them to pay only the claims enumerated in the contract. We do not so construe the contract. The contract is plain in its terms and obligates defendants to save the other parties harmless from any and all claims or damage suits on account of contracts or agreements theretofore made. The "especial reference" to three claims was unnecessary, but it did not limit the clear and unequivocal language that preceded it. Crum v. Sawyer, 132 Ill. 443, 24 N. E. 956; Murphy v. City of New York, 190 N. Y. 413, 83 N. E. 39; Dunbar v. Dunbar, 71 Mass. (5 Gray) 103. The language is so clear and unequivocal that rules of construction, such as the rule of ejusdem generis, resorted to as an aid in case of doubt, have no application. See National Bank of Commerce v. Ripley, 161 Mo. 126, 132, 61 S. W. 587; English v. Shelby, 116 Ark. 212, 172 S. W. 817; In re Orwig's Estate, 185 Iowa, 913, 167 N. W. 654. The result is that the fact that the $4,200 verdict was set aside is unimportant.

2. Three of the claims for damages in the consolidated action arose out of breaches of contract occurring after the agreement of March 8, 1916. This contract was not intended as an indemnity against subsequent breaches generally. But these subsequent breaches arose by reason of sales made by agents under contract and authority which had been given them previous to March 8, 1916. Under such circumstances, we think they were covered by defendant's contract. This also applies to the claims upon which the judgment in the third action was obtained, except that the last sale was made by an agent previously authorized, but after the expiration of his agency contract. This fact was not called to the attention of the trial court, and defendants should not now be permitted to raise the point. Had it been seasonably raised, a proper adjustment of damages might have been made.

3. Defendants contend that the damages would have been less had the corporation violated its contract with its agents by refusing to fill orders made by the agents in Fergus county, and that the corporation should have taken this course in order to minimize the damages. We do not think the court should hold as a matter of law that the corporation was obliged to take this course. The court found that the manager of the corporation, during the period of these later sales, had no knowledge of the Teeple contract, or its assumption by the corporation, or of the pend-

ing litigation in respect thereto, and that defendants never advised him that sales were not to be made in Fergus county. The fact of assumption by the corporation was disputed, and it was wholly uncertain what damage, if any, would ensue from sales in Fergus county.

It was the duty of the corporation to use prudent and reasonable care and diligence to minimize its damages. No particular course can be mapped out as the proper one, unless it can be shown that such course would be the only one which a reasonably prudent and diligent person would pursue. Cargill v. Thompson, 57 Minn. 534, 547, 59 N. W. 638; Chicago, R. I. & P. Ry. Co. v. Floyd (Ark.) 171 S.W. 913; Southern Ry. Co. v. Cunningham, 123 Ga. 90, 50 S. E. 979; 1 Sutherland, Damages, § 90. We cannot say as a matter of law that a reasonably prudent and diligent person would pursue the course contended for by defendants.

4. We think plaintiffs were entitled to recover the attorney's fees incurred in the last Lewistown Iron Works lawsuit. Defendants were tendered the defense of this suit. They were under obligation to defend it, and they should be held liable for this reasonable expense of the defense.

Order affirmed.