# VILLAGE OF HIBBING v. TOWNSHIP OF STUNTZ.[1]

November 7, 1947.

No. 34,431.

*Clarence H. Kleffman,* for appellant.
*James P. Crea,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by the village of Hibbing against the township of Stuntz to recover charges for maintenance of a water conduit known as the

---

[1]Reported in 29 N. W. (2d) 808.

*Kelly Lake water line* serving defendant and certain of its residents. The issue for determination is whether, under the terms of a written contract between the parties executed August 2, 1945, plaintiff is entitled to recover for such maintenance for all of the year 1945 or merely for the period between August 2, 1945, the date of the contract, and December 31, 1945.

The trial court held that under the contract plaintiff was entitled to recover the cost of maintenance for all of 1945. This appeal is from its order denying defendant's motion for amended findings or a new trial.

The determination of the question depends upon the construction to be given the following provisions of the governing agreement:

"THIS AGREEMENT, made and entered into this 2nd day of August, 1945, by and between the Village of Hibbing, a municipal corporation, through its Water, Light, Power & Building Commission, parties of the first part, and the Town of Stuntz, party of the second part, WITNESSETH, as follows:

"1. This agreement, *when adopted, shall be in effect subject to such alterations and additions as the parties may agree upon in writing until January 1, 1950, and shall thereafter be automatically renewed from year to year * * *.*

\* \* \* \* \*

"b. *The Commission agrees to make collections from the private consumers on said Kelly Lake water line* * * * and other private users in the township, * * *.

"c. That the rates which shall be charged by the Commission on the Kelly Lake line and other lines in the township shall be as follows:

"Minimum flat rate to all users $1.50 per month * * * provided, however, that the flat rate from January 1, 1945, to August 1, 1945, shall be $1.00 per month minimum and thereafter the above rates shall go into effect.

\* \* \* \* \*

"1. The Town of Stuntz shall pay the cost of maintaining the Kelly Lake water line from the master meter and shall be billed

every month by the Commission for such maintenance charges."
(Italics supplied.)

■ Under the quoted language of the first No. 1 paragraph of the
agreement, it is clear that the agreement was not retroactive to
January 1, 1945, but became effective "when adopted," to wit, August
2, 1945. The words "in effect" mean "in operation." Maize v. State,
4 Ind. 342; 28 C. J. S., Effect, p. 836, note 31; Standard Clothing
Co. v. Wolf, 219 Minn. 128, 132, 17 N. W. (2d) 329, 332. The lan-
guage is definite and unambiguous and must be construed in accord-
ance with its plain meaning. It is undisputed that the contract was
executed August 2, 1945, and under the language referred to it did
not become effective prior thereto.

Insofar as the agreement is concerned, defendant's liability for
maintenance charges thereunder commenced as of August 2, 1945.
Extrinsic evidence designed to show a different "understanding" by
plaintiff, such as was submitted here, was clearly improper, and de-
fendant's objection thereto should have been sustained. See, 2 Dun-
nell, Dig. & Supp. § 1817; Lawton v. Joesting, 96 Minn. 163, 104
N. W. 830; Bell Lbr. Co. v. Seaman, 136 Minn. 106, 161 N. W. 383;
Northern Welding Co. v. Jordan, 150 Minn. 12, 184 N. W. 39.

■ Plaintiff asserts, however, that because subdivision c quoted
above provides that the flat rate for *individual* consumers from
January 1, 1945, to August 1, 1945, "shall be $1.00 per month," it
was thereby indicated that the entire contract was to be effective
as of January 1, 1945.

Prior to the execution of the contract, plaintiff had charged in-
dividual consumers at the rate of $1 per month, but because of the
controversy between plaintiff and defendant the former had refused
to accept such sum subsequent to January 1, 1945. In consequence,
at the time the agreement in dispute was executed a substantial
number of individual accounts still remained unpaid.

As of August 2, 1945, as the contract provides, the rate for in-
dividual consumers was to be raised to a minimum of $1.50 per
month. To make certain that the new rate for individual users
should not become retroactive to January 1, 1945, the proviso in

subdivision c was inserted. The language therein relates merely to charges to be made to individual users, whereas the second No. 1 paragraph above quoted relates to maintenance charges due from defendant (the township), separate and apart from monthly individual charges. The two paragraphs are not conflicting. There is nothing in them which gives rise to ambiguity or which could be construed as making the entire contract retroactive to January 1, 1945. On the contrary, subdivision c specifically establishes that the effective date for the changed rates to individual consumers was to be identical with that fixed for the commencement of defendant's liability for maintenance charges, to wit, August 2, 1945.

Reversed with directions to modify the findings of fact, conclusions of law, and order for judgment in accordance with this opinion.