BERGLAND OIL COMPANY, INC. v. JOHN GROMMESH AND OTHERS.[1]

March 19, 1948.

No. 34,604.

[1]Reported in 31 N. W. (2d) 644.

*Magnus Wefald* and *Nilles, Oehlert & Nilles,* for appellants.
*Sharp & Saetre* and *Henry C. Stiening,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for specific performance of an alleged option to purchase certain real estate situate in Barnesville, Clay county. Plaintiff, lessee in a lease covering the premises involved, alleged that under the terms thereof it was entitled to purchase the premises from defendant lessors, the fee owners thereof, for the sum of $2,500.

The trial court determined that the parties to the lease had "mutually agreed * * * that during the extension period * * * lessors would give lessees sixty days notice in writing of any contemplated sale, within which time lessees might then purchase [the premises] for the sum determined by said contemplated sale"; that lessee had exercised such option and was "entitled to judgment for specific performance." This appeal is from the judgment for specific performance entered against defendants.

The question presented must be resolved upon the construction to be given the following provision in the lease, to wit:

"To HAVE AND To HOLD, The said premises just as they are, without any liability or obligation on the part of said Lessor of making any alterations, improvements or repairs of any kind on or about said premises, for the term of Two years from April first 1941 with an option to said party of the second part for an additional three years to immediately succeed the termination of said two year term; that said party of the second part shall have the exclusive option to purchase said real estate for cash for the sum of Twenty-five hundred & no/100 Dollars at any time within the said two year term,

and conveyance shall be made to said second party by warranty deed granting a clear and merchantable title; *that in case said second party shall exercise its option to lease said property for said additional three years, said first parties shall have the right to sell said property at any time in said term to any one, but shall give said second party sixty days notice in writing of said sale, \* \* \*."* (Italics supplied.)

The trial court in substance held that the quoted provision granted plaintiff an option to purchase, but that it was otherwise incomplete, and, over the objection of defendants, it permitted the introduction of parol evidence to determine the intent of the parties as to the price and terms of purchase. On the basis thereof, it arrived at its determination in favor of plaintiff.

We do not agree with the trial court that the quoted paragraph is evidence of an agreement between the parties whereunder lessee might purchase the premises during the renewal period of the lease for the sum which defendants might otherwise receive in some contemplated sale thereof. Likewise, we do not agree with the trial court that the quoted paragraph is ambiguous, incomplete, or indefinite so as to permit introduction of parol evidence to aid in its construction or to arrive at the intent of the parties.

The lease specifically provides that during the first two years thereof the lessee shall have the option to purchase the premises for the sum of $2,500. It further grants lessee the right to renew the lease for an additional three-year period, but it rules out the extension of the option to purchase during the extended period by the provision that in case lessee renews the lease for such period lessors "shall have the right to sell said property *at any time in said term to any one,* but shall give said second party [lessee] sixty days notice in writing of *said sale."* (Italics supplied.)

It is to be noted that in the last clause of the foregoing provision there is nothing which grants lessee the option to purchase, either on the original terms applicable during the first two years of the lease; on the terms upon which a prospective purchaser contemplates buying the property; or any terms whatever. The language

used further provides that the 60-day notice to be given lessee is notice of "said sale," clearly indicating that such notice is to be given only after a consummated sale, rather than prior to a contemplated sale. The limit of the obligation imposed upon lessors thereby is to give lessee 60 days' notice after the completion of the sale. Such notice was given, and whether the purpose thereof was to terminate the lease or merely to advise lessee as to the identity of his new landlord is not presented for determination in these proceedings. The language used is not ambiguous or incomplete. Nothing therein can be construed as an option to purchase.

In view of the definite and unmistakable language employed by the parties, the court erred in permitting parol evidence to vary its plain meaning; as an aid in the construction thereof; to determine the intent of the parties; or for any other purpose. Defendants' objections to such evidence should have been sustained. See, 2 Dunnell, Dig. & Supp. § 1817; Lawton v. Joesting, 96 Minn. 163, 104 N. W. 830; Bell Lbr. Co. v. Seaman, 136 Minn. 106, 161 N. W. 383; Northern Welding Co. v. Jordan, 150 Minn. 12, 184 N. W. 39; Village of Hibbing v. Township of Stuntz, 225 Minn. 31, 29 N. W. (2d) 808.

Reversed with directions to modify findings of fact, conclusions of law, and order for judgment in accordance with this opinion.