346 P.2d 1037

Roland CLAY and Annie Lee Clay, his wife, Plaintiffs-Appellees,

v.

H. H. BOWLING and Nora C. Bowling, his wife, Defendants-Appellants.

No. 6542.

Supreme Court of New Mexico.

Oct. 26, 1959.

Rehearing Denied Dec. 10, 1959.

254

Joseph T. Cole, Jr., Albuquerque, for appellants.

Iden & Johnson, W. F. Kitts, Albuquerque, for appellees.

McGHEE, Justice.

This case presents another sad picture of parents deeding their home to a son and daughter-in-law under a promise the grantors might occupy it rent-free for the balance of their lives, and not having a competent attorney insert a covenant in the deed evidencing the agreement which would unquestionably run with the land, and thus protect them, with the result they are confronted with a suit seeking to evict them from the premises and for accrued rental of $45 per month.

Instead, they and their grantees had the statement of their life tenancy prepared by a notary public who wrote on the bottom of the deed before it was signed, the following:

> "It is agreed by party buying property, Hadon H. Bowling Jr., and Thee E. Bowling agree to let Nora C. Bowling and H. H. Bowling live on said premises for the duration of their lives."

Thereafter, the plaintiff Roland Clay received judgment in the district court of Santa Fe County against Hadon Bowling, Jr., for $6,000, and he, joined by his wife, conveyed the real property involved herein to the Clays in satisfaction of the judg-

ment, the latter taking the property subject to a certain mortgage.

The appellant refused to vacate the property on demand and this action for possession and judgment for its rental value during the time the Clays had been out of possession followed.

The trial court found the deed in question was immediately filed for record and that the appellants were in the actual possession of and occupying the premises from the date of the deed to the day of trial, that the Clays knew of such possession, and that the fair rental value of the property was $45 per month.

Numerous findings of fact and conclusions of law were made, among which was a conclusion that by reason of the deed and possession by appellants the appellees had notice of whatever interest or estate the defendants possessed in the property, and that the language contained at the bottom of the deed to their son and daughter-in-law from the Bowlings was unambiguous and constituted a personal covenant on the part of the son and his wife to permit the defendants to live on the described premises for the duration of their lives; that the plaintiffs were the owners in fee simple of the property, and that they were entitled to the immediate possession thereof with damages for its detention.

The findings of fact made below are supported by substantial evidence and they are sufficient for a determination of the case here.

The appellants urge the trial court erred in refusing to make certain findings of fact and conclusions of law which they requested, relating principally as to their possession of the property and what the appellees would have learned had they been asked about their rights in the property. In view of the findings and conclusions made by the trial court we deem these requested findings and conclusions immaterial in the case.

The crucial question for decision is whether the Clays took the property charged with a life tenancy in favor of the Bowlings.

As found by the trial court, the appellees had notice of the rights and claims of the appellants because of the recording of the deed and the possession by the latter. The appellees knew the appellants were in possession and inquiry would have advised them of their claims and they are charged with what inquiry would have disclosed. McBee v. O'Connell, 1914, 19 N.M. 565, 145 P. 123.

The title of appellees is subject to the life tenancy of the appellants, and each of them, and therefore the action of the appellees must fail. See, Federal Land Bank of St. Louis v. Miller, 1931, 184 Ark. 415, 42 S.W.2d 564, and Thomas v. Thomas, 1893, 24 Or. 251, 33 P. 565, and Thompson v. Baxter, 107 Minn. 122, 119 N.W. 797,

21 L.R.A.,N.S., 575; Ahrens v. Lowther, Tex.Civ.App., 223 S.W. 235.

The judgment will be reversed and the cause remanded to the district court with instructions to vacate the judgment heretofore rendered and enter another in accordance with the views herein expressed.

It is so ordered.

LUJAN, C. J., and COMPTON, CARMODY and MOISE, JJ., concur.