Black, P.J.
This is an action in which the plaintiff seeks recovery from the defendant in the sum of $5,275.00 for work, labor and materials which the plaintiff says that it provided to the defendant, 's reflected in certain invoices numbered 1861 and 2131. The plaintiffs complaint asserts that the work, labor and materials were provided “as of October 21,1989.”
The defendant duly answered. He subsequently filed a Motion for Summary Judgment, which was allowed after hearing. The plaintiff requested a report, claiming to be aggrieved by the trial judge’s allowance of the defendant’s motion.[2]
It appears from the appellate record that the defendant’s Motion for Summary Judgment was allowed because the plaintiff had previously given the defendant a release, which provided pertinently:
“and and all claims... .from the beginning of the world to this date and more especially on account of work and labor performed on the Chestnut Hill site for Sawmill Construction Company, as per Foye & Letendre Landscap *211 ing, Inc. invoice #1876, dated April 30,1986.” (emphasis added)
This release was given to the defendant by the plaintiffs attorney on October 29, 1986, and was construed by the trial judge as a general release barring the plaintiffs present action. The plaintiff contends that the release is not a general release, but only a release of invoice #1876.
We agree with the trial judge.
The crux of the plaintiffs argument stems from the apparent contradiction between the general, all-encompassing language of the first portion of the release, i.e. “any and all claims_from the beginning of the world to this date...” and the more specific reference to invoice #1876, introduced by the phrase “and more especially.”
The plaintiff argues that the specific reference to invoice #1876 is a limit on the effect of the general language of the first portion of the release. However, Massachusetts courts have traditionally held that this is not the correct construction of such language.
The Supreme Judicial Court decided a similar issue in the case of Dunbar v. Dunbar, 71 Mass. (5 Gray) 103 (1855). The release in that case contained the following language:
“.. .1 hereby acknowledge, do hereby remise, release and discharge the said Thomas Dunbar of and from all claims, demands, actions and causes of actions, which I now have against him... .and particularly from the debt and costs in two actions now in the court of common pleas of Bristol county...” Dunbar at 104.
The court held that additional demands by the plaintiff not covered by the specific court actions mentioned were nevertheless barred by the general language of the release. “No inference therefore is to be drawn, from a specification of these two demands, that other demands... .were not intended to be released by this settlement. ..” Dunbar at 106.
In the present case, the release can thus be characterized as a general release regardless of the specific mention of invoice #1876. See also, Vassalotti v. Bussiere, 1979 Mass. App. Div. 511.
It is clear from the report that the work provided by the plaintiff and reflected in invoices #1861 and #2131 had been completed at the time the release was executed. The plaintiff argues that the exclusion of these invoices in the release was a reservation of its rights as to these invoices. However, as stated by the court in Tupper v. Hancock, 319 Mass. 105 (1946), “If any existing liability was intended to be excepted, it should have been expressly set forth in the release (s).” Tupper at 108. See also, Radovsky v. Wexler, 273 Mass. 254, 258 (1930), Naukeag Inn, Inc. v. Rideout, 351 Mass. 353, 356 (1966) and Vassalotti at 518.
Since invoices #1861 and #2131 were not stated as exceptions to the general release, the defendant was relieved his obligation to pay said invoices when the release was executed on October 29,1986. The trial judge correctly allowed the defendant’s Motion for Summary Judgment.
There being no error of law, the report is hereby dismissed.

 It should be noted that the plaintiff does not argue that this case was notripe for summaiy judgment There does not appear to be any genuine issue of material fact which would have required the denial of the Motion for Summary Judgment. Dist./Mun. Cts. R. Civ. P. 56.