FRED J. GEORGE, Administrator, v. JULIA A. MAHONEY.[1]

Nov. 5, 1895.

Nos. 9690—(132).

**Action by Landlord for Restitution—Tender of Rent and Costs.**

When, in an action brought under the provisions of G. S. 1894, § 6118, by a landlord, to have restitution of demised premises because of nonpayment of rent upon the day specified in the lease, the tenant tenders to the landlord the amount due, with interest, and offers to pay all costs which have accrued in the proceedings, and these facts are alleged in the answer, and stand admitted upon the trial, the plaintiff is not entitled to restitution, and on actual payment to plaintiff, or into court, as he may demand, the action should be dismissed.

Appeal by defendant from a judgment of the district court for Goodhue county, in favor of plaintiff, entered in pursuance of the findings and order of Williston, J. Reversed.

*J. C. McClure*, for appellant.

*F. M. Wilson*, for respondent.

COLLINS, J. This was an action brought under the provisions of G. S. 1894, § 6118, by a landlord, to have restitution of demised premises because of the nonpayment of rent upon the day specified in the lease. The day after the summons was served the tenant tendered the amount due, with interest, and offered to pay all costs which had been incurred. The landlord refused the tender and offer, and these facts were alleged in the answer. On appeal to the district court from a judgment of restitution rendered by the justice, the allegations of the answer were admitted, and also that at all times since the tender the defendant tenant had been, and still remained, ready and willing to pay all rent which had accrued up to that time, and all costs and disbursements of the action. Restitution was ordered by the district court, and from its judgment entered on the order defendant appealed.

Section 6118 is regulated and governed by any other statutory provisions which may bear upon the subject, and among these is section 5865, by the terms of which a defaulting tenant, against whom

[1] Reported in 64 N. W. 911.

an action has been brought by his landlord, and who has been evicted, is entitled to be restored to possession, and to thereafter hold the premises in accordance with the original terms of the lease, upon paying to the landlord, or upon bringing into court, at any time within six months after eviction, the amount of rent in arrears, with interest and the costs of action. The object of the action provided for in section 6118 is to restore to the landlord possession of the property, that he may hold it until the rent in arrears is paid, or lease it to another tenant. After he has obtained possession through these proceedings the tenant may, at any time within six months, relieve himself of the result of his default, and again possess the premises, holding under the lease as before, by paying to the landlord, or by bringing into court, the amount then due, with interest and all costs of action.

Our conclusion is that the tender and offer made by defendant, alleged in her answer, and continued at the time of the trial in district court, according to the stipulation, was a substantial compliance with the provisions of section 5865. It certainly complied with its spirit. To be sure, she did not postpone an attempt to pay until judgment for restitution had been entered, then formally surrender possession, and then bring the money into court. That she did not pay the entire amount due was because the landlord absolutely refused to receive it. We think the tender and offer, and her continued willingness and readiness to pay at all times, should be treated as equivalent to payment, either to plaintiff, or into court. Plaintiff should have accepted the money, or demanded that it be paid into court, and if this was done the action should have been dismissed by the justice.

The judgment is reversed, and the cause remanded, with directions to the court below to dismiss, if, within a reasonable time, to be fixed by it, the defendant shall pay into the hands of the clerk of said court the amount due as rent up to that time, with interest, and all costs and disbursements incurred by plaintiff prior to the filing of the answer in justice's court.