JOHN WACHOLZ v. F. X. GRIESGRABER.[1]

November 24, 1897.

Nos. 10,793—(137).

Wrongful Eviction—Action for Damages.

> Although a landlord recovers a judgment of eviction against his tenant for failure to pay rent, yet if the latter tenders to the landlord or brings into court the rent in arrear, with interest and costs of the action, within six months after possession obtained by the landlord, and performs the other covenants on the part of the tenant, as provided by G. S. 1894, § 5865, such judgment thereby becomes imoperative and nonenforceable; and if the landlord, without further default by the tenant in any of the conditions of the unexpired lease, forcibly evicts the tenant from the premises, he is liable in damages, and the tenant may maintain an action therefor, not-

---

[1] Reported in 73 N. W. 7.

withstanding the statutory provision for restitution, as the latter remedy is cumulative, and not exclusive.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., overruling a demurrer to the complaint. Affirmed.

*A. E. Bowe,* for appellant.

*F. H. Castner,* for respondent.

BUCK, J.

On August 7, 1889, one John Wickboldt leased certain premises situated in the city of St. Paul to the plaintiff, Wacholz, for the term of ten years, commencing August, 1889, for the consideration of $20 per year, payable semiannually. The lease was in writing, and a right of re-entry was reserved therein in case of default in the payment of rent or to fulfill the other covenants in the lease. The lessee reserved the right to remove all his improvements from the demised premises at the expiration of the term if he complied with the conditions of the lease on his part. Subsequently on August 12, 1890, the defendant purchased said premises, and ever since has owned the same, the plaintiff continuing to occupy the same under said lease as tenant, and attorned to and paid rent to said defendant up to February 12, 1896, when by reason of nonpayment of rent then falling due the defendant commenced an action in justice court against plaintiff for the recovery of the possession of said premises. On February 25, 1896, the return day of the summons, and on the 28th day of the same month, the day of the trial of said action, and before said trial began, the plaintiff duly tendered to said defendant and to the said justice of the peace the amount of rent then due and the costs up to that time, which tender was refused; and the justice, on said last-named day, at the request of defendant, entered on his docket a judgment against the plaintiff herein, and in favor of this defendant, for the restitution of said premises.

On March 2, 1896, said justice issued a writ of restitution upon said judgment, and the same was placed in the hands of a constable, who by virtue thereof forcibly evicted this plaintiff from said premises, and ever since has by force kept plaintiff out of the possession

of the same, all of which acts of the justice and constable were done under the direction and request of the defendant herein.

After the entry of said judgment, and at five different times before the eviction of plaintiff, he duly tendered in said justice court and to said justice and to the defendant herein personally and to his said attorney and to said constable all rent due under said lease, with interest and costs up to the time of such tender, all of which tenders were refused. Plaintiff also brought the amount of said tender into the trial court, and again offered to pay the same to this defendant.

After the making of said lease, plaintiff, by virtue of the terms thereof, built a dwelling house on said premises for his own use and benefit; and the defendant at the time of said eviction took possession of said house and converted the same to his own use and benefit, and refused to surrender the same to plaintiff, although he frequently demanded the same of the defendant. The value of said house is $300. This action is brought to recover damages by reason of said eviction and the conversion of said dwelling house; and to the complaint the defendant interposed a demurrer, upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant appeals.

G. S. 1894, § 5865, reads as follows:

"When, in case of a lease of real property, and the failure of the tenant to pay rent, the landlord has a subsisting right to re-enter for such failure, he may bring an action to recover possession of the property, and such action is equivalent to a demand of the rent, and a re-entry upon the property; but if, at any time before the expiration of six months after possession obtained by the plaintiff on recovery in the action, the lessee, or his successor in interest as to the whole or part of the property, pays to the plaintiff or brings into court, the amount of rent then in arrear, with interest and the costs of the action, and performs the other covenants on the part of the lessee, he may be restored to the possession, and hold the property according to the terms of the original lease."

The defendant contends that the plaintiff's only remedy was to have paid the rent in arrear to defendant, or brought it into court, and obtained a restitution of the premises; that he is foreclosed as

to the tender made before trial by the judgment of the justice; and that plaintiff, not having sought relief in that action or appealed therefrom, is thereby concluded from any further right of action. We may concede without deciding that the judgment of the justice, between the parties, concluded them as to tenders made by plaintiff before judgment, but it did not constitute a bar to the subsequent proceedings. It determined the amount of rent in arrear, but the plaintiff, under the statute, had a period of six months after eviction or possession obtained by the lessor in which to pay such unpaid rent, interest, and costs of the action. This right to pay rent in arrear after action is expressly recognized by the statute above quoted.

The test in this case, then, is whether the conduct of the defendant in causing the plaintiff's eviction from the premises and conversion of the dwelling house after the various tenders made subsequent to the judgment, and before eviction, renders him liable as a trespasser or wrongdoer. There can be no reasonable doubt but that the tender if kept good, as it was, operated to give the plaintiff the right to retain possession of the premises. See George v. Mahoney, 62 Minn. 370, 64 N. W. 911.

This right was violated by the defendant's causing plaintiff to be forcibly evicted from the premises, and converting the dwelling house to his own use, and hence the eviction was unlawful. It was a direct intentional interference with the tenant's lawful possession, and evinced a willful determination to keep him out of said possession, and deprive him of the quiet enjoyment thereof. The judgment did not absolutely terminate the tenancy, and plaintiff's eviction from his dwelling house and the premises rented entitled him to recover such damages as he suffered from the defendant's unlawful eviction. It is now the settled law that where a landlord unlawfully evicts a tenant, takes possession of the premises, and deprives the tenant of the beneficial use and enjoyment of the same, a cause of action arises in favor of the tenant. Cannon v. Wilbur, 30 Neb. 777, 47 N. W. 85; Mack v. Patchin, 42 N. Y. 167.

Did the plaintiff have a right to bring this suit for damages, instead of resorting to his right of restitution of the premises under the statute? If he sustained legal, substantial damages by the

landlord's unlawful eviction, restitution of the premises might not, and undoubtedly would not, compensate the tenant for the damages sustained. When the tender was duly made, the rights of the parties were precisely the same as to the right of possession as though there had never been any rent in arrear. The tenant was then in possession, with an absolute right to remain there during the remainder of his term if there was no further default on his part in the conditions of the lease. Unless a landlord reserves the right in the lease to enter upon the land, an entry by him is unauthorized, whether an injury be thereby inflicted or not, and amounts to a trespass. Taylor, Landl. & T. § 174.

Of course, this rule is not applicable where the existing conditions of the lease are violated by the tenant, and the landlord pursues the proper course in obtaining possession. Ordinarily, where the landlord wrongfully obtains and holds unlawful possession of the demised premises, the tenant has a remedy by an action of trespass. This is a common-law remedy. But, under the statute quoted, he has a right of restitution of the premises at any time within six months after possession obtained by the landlord. This is a cumulative remedy. It is not made exclusive by the statute, and the general rule applies that when the common law gives a remedy, and another remedy is provided by statute, the latter is cumulative, unless made exclusive by the statute.

Order affirmed.