ROBERT SEEGER and Others v. GEORGE P. SMITH and Another.

November 22, 1898.

Nos. 11,272—(122).

**Tenant Holding Over—Restitution—G. S. 1894, § 6118—Suchaneck v. Smith Followed.**

*Held*, following Suchaneck v. Smith, 45 Minn. 26, that G. S. 1894, § 6118, gives the right of restitution against a tenant holding over after default in the payment of rent, whether the lease contains a re-entry clause or not.

**Same—Tender after Action—Costs.**

A tender of rent after the commencement of such an action must include costs, to be available for any purpose.

**Findings Sustained by Evidence.**
    The evidence sustains the trial court's findings of fact.

Appeal by defendants from a judgment of the municipal court of St. Paul, in favor of plaintiffs, entered pursuant to the findings and order of Twohy, J.   Affirmed.

*J. Henry Hintermister, Jr.*, for appellants.

*D. E. Dwyer* and *Samuel Whaley*, for respondents.

START, C. J.

This action was brought in the municipal court of the city of St. Paul, under the provisions of G. S. 1894, § 6118, which provides, so far as here material, that when any person holds over any lands or tenements after any rent becomes due, according to the terms of the lease or agreement under which he holds, the landlord may have restitution upon complaint made.   Judgment for the plaintiffs for restitution of the premises, from which the defendants appealed.

The defendants are husband and wife, and the complaint alleges that the plaintiffs leased to them the premises described in the complaint for one year from March 1, 1896, to March 1, 1897, for $96, payable monthly in advance, in equal instalments of $8, to be paid on the first day of each and every month; that, on the expiration of this lease, the plaintiffs leased the premises to the defendant George P. Smith for one month from March 1, 1897, and from month to month thereafter, for the monthly rent of $8 per month, payable on the first day of each month in advance; that he has refused to pay such rent for the months of February, March, April and May, 1898, respectively.

This action was commenced May 24, 1898.   The answer admitted the original lease and the terms thereof, as stated in the complaint, but denied that at the end of the year there was any new lease made, and alleges that, at the end of the year, the defendants, with the consent of the plaintiffs, continued to occupy the premises, and pay rent therefor, as provided for in the original lease; and, further, that the defendants tendered payment of the rent for the months of February, March, April and May, 1898, and that no notice was ever given them to quit or surrender possession of the premises.

The trial court found the premises were leased to the defendant George P. Smith as alleged in the complaint, and that the rent for the months specified remained unpaid.

1. The contention of the defendants is that the plaintiffs are not entitled to a restitution of the premises, because no notice to them to quit was alleged or proven, and, further, that the lease contained no provision for a right of re-entry in case the rent was not paid. This action is not for restitution, on the ground that the defendants are holding over after the expiration of the lease, but for the nonpayment of rent. Therefore notice to quit was not necessary. See Radley v. O'Leary, 36 Minn. 173, 30 N. W. 457. The statute gives the right to restitution against a tenant holding over after default in the payment of rent, whether the lease contains a re-entry clause or not. Suchaneck v. Smith, 45 Minn. 26, 47 N. W. 397. It was immaterial whether the lease gave the right of re-entry or not for the nonpayment of rent, because the action was not brought under the provisions of section 5865, but under section 6118, which gives the action for restitution for such cause independent of any contract right for re-entry. The case of Woodcock v. Carlson, 41 Minn. 542, 43 N. W. 479, relied on by the defendants, is in entire harmony with this conclusion.

2. The defendants further claim that the trial court erred in refusing their offers to prove a tender of the rent. The offers were to prove that on April 28, 1898, a tender was made of the rent then due to the plaintiff, and to prove that on or about May 26, and not later than May 28, 1898, a tender was made to the plaintiffs of the amount of the four months' rent then due. Proof of the first offer was immaterial, because the rent for the month of May became due on the first day of the month; and, if the rent for this month had not been paid or tendered, this action could not be defeated by proof that the rent for the previous months had been paid. The second offer was to prove a tender after the commencement of the action. If a tender could then be made, it would be necessary to tender, not only the rent then due, but all the costs of the action. George v. Mahoney, 62 Minn. 370, 64 N. W. 911. This was not done. It was not error to refuse the offered evidence.

3. It would seem to be immaterial whether the defendants were

in possession under the original lease, as they claimed, or the new lease from month to month, as claimed by the plaintiffs; for it is admitted and alleged by all parties that the relation of landlord and tenant existed between them, and that the rent was unpaid. This was the gist of plaintiffs' cause of action. We have, however, examined the evidence, and find that it is sufficient to support the finding of the trial court as to the making of the new lease. The other assignments of error have been considered, and found to be without merit.

Judgment affirmed.