# THE 614 COMPANY v. D. H. OVERMYER CO. INC.

211 N. W. 2d 891.

October 19, 1973—No. 43876.

*Leonard, Street & Deinard, Lowell J. Noteboom,* and *James G. Gerlach,* for appellant.

*Maun, Hazel, Green, Hayes, Simon & Aretz, Richard D. Donohoo,* and *Charles Bans,* for respondent.

PETERSON, JUSTICE.

Plaintiff, The 614 Company, instituted this unlawful detainer action in St. Paul municipal court for restitution of leased premises in the possession of defendant, D. H. Overmyer Co., Inc., under a written lease and to recover past-due rent owed by defendant, together with interest and attorneys' fees. The trial court denied plaintiff's application for restitution of the premises, conditioned upon defendant's paying, within a stated time, all arrearages in rent together with interest and attorneys' fees. Defendant paid the required amounts and plaintiff appeals from the judgment, challenging the court's denial of unconditional restitution. Defendant seeks review of the provisions of the order requiring it to pay interest and attorneys' fees. We affirm.

The unlawful detainer action arises out of a 1969 sale-leaseback agreement relating to a million-dollar warehouse constructed by defendant, purchased by plaintiff (landlord), and leased back to defendant (tenant) for a minimum term of 20 years, with options for two additional terms of 10 years each. The lease required payment on the first day of each month of stated rent and, as additional rent, tax escrow payments as subsequently requested by the mortgagee of the premises. Interest at the annual rate of 6 percent upon late rent and of 8 percent upon late escrow payments was imposed by the lease. Defendant tenant failed, deliberately so as the trial court found, to pay these amounts when due. Defendant's failure to pay these sums after notice by plaintiff was an event of default under the terms of the lease. The reasonable value of attorneys' fees incurred by plaintiff as a result of these defaults by defendant, as the trial court found, was $4,000.

■ Minn. St. 566.03, in terms clearly applicable to the defaults of defendant tenant, authorizes restitution of premises by an unlawful detainer action.[1] However, § 504.02 in pertinent part re-

---

[1] Minn. St. 566.03, subd. 1, provides: "When any person holds over lands or tenements * * * after termination of the time for which they

stricts the landlord's statutory right in these terms:

"In case of a lease of real property, when the landlord has a subsisting right of reentry for the failure of the tenant to pay rent he may bring an action to recover possession of the property and such action is equivalent to a demand for the rent and a reentry upon the property; *but if, at any time before possession has been delivered to the plaintiff on recovery in the action, the lessee or his successor in interest as to the whole or any part of the property pays to the plaintiff or brings into court the amount of the rent then in arrears,* with interest and costs of the action, and an attorney's fee not exceeding $5, *and performs the other covenants on the part of the lessee, he may be restored to the possession and hold the property according to the terms of the original lease.*" (Italics supplied.)

This statute plainly means that in any case where the landlord seeks to evict the lessee for failure to pay rent, the tenant, so long as he remains in possession, shall be permitted to retain possession by paying all money due and owing the landlord. This "right of redemption" in the tenant applies until a court has issued an order dispossessing the tenant and permitting reentry by the landlord.

The public policy implicit in the redemption provisions of the statute may not lightly be diminished by contrary provisions in lease agreements. The language of the statute makes no distinction between commercial leases, although such leases are often arm's-length agreements between knowledgeable businessmen, and residential leases, where the tenant, if not the landlord, just as often is not so sophisticated. The statute is operative not-

---

are demised or left to him or to the persons under whom he holds possession, or contrary to the conditions or covenants of the lease or agreement under which he holds, or after any rent becomes due according to the terms of such lease or agreement, or when any tenant at will holds over after the determination of any such estate by notice to quit, in all such cases the person entitled to the premises may recover possession thereof in the manner hereinafter provided."

withstanding that plaintiff landlord gave notice of termination of the lease prior to instituting its action for restitution of the premises from defendant lessee.

We do not wholly foreclose the possibility that parties to a lease may in some case make a voluntary and intelligent waiver of this statutory right of redemption, but we caution that, in such case, the evidence of intent would have to be clear and convincing and the circumstances such as to override judicial abhorrence of forfeitures. This is not such a case, both because no provision of the lease explicitly waived the provisions of § 504.02, and, because, the event of default being solely defendant tenant's late payment of money, plaintiff landlord was assured by the court's conditional order and judgment that defendant tenant would, as a condition to retention of the premises, pay all sums due, with interest, and would reimburse plaintiff for reasonable attorneys' fees it incurred by reason of the defaults.

■ The award of interest and attorneys' fees, on the other hand, was effectively conferred by a provision in the lease that—

"Tenant assumes all liability and obligations on account of all damages caused by the matters and things referred to in the preceding paragraph, and agrees to pay, and to protect, indemnify and save harmless Landlord from and against all liabilities, damages, costs, expenses (including all attorneys' fees and expenses of Landlord), causes of action, suits, claims, demands and judgments of any nature whatever arising from * * * (b) violation of any agreement or condition of this Lease to be performed by Tenant * * *."

As to the attorneys' fees, plaintiff met its burden of showing that defendant violated an agreement or condition of the lease, that such violation resulted in expense to plaintiff for attorneys' fees, and that the claimed amount incurred for such attorneys' fees was reasonable. As to the assessment of interest, the amount was clearly fixed in the lease. Defendant's contention that the stated interest rates violated the usury provision of § 334.01 need not

be considered, having been asserted for the first time on appeal. The deliberate violation of the lease agreement by defendant warrants giving full effect to these remedial provisions of the lease.

Both parties having in part prevailed on this appeal, no costs or disbursements are allowed to either party.

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.