UNIVERSITY COMMUNITY PROPER-
TIES, et al., Appellants,

v.

NEW RIVERSIDE CAFE, Respondent,

John Doe, et al., Defendants.

No. 48778.

Supreme Court of Minnesota.

June 30, 1978.

Oppenheimer, Wolff, Foster, Shepard & Donnelly and William P. Studer and Mark C. Peterson, St. Paul, for appellants.

MacPherson, Norton & Gaut, and Roderick MacPherson, III, Minneapolis, for respondents and defendants.

Heard before PETERSON, TODD, and SCOTT, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

This appeal arises from an unlawful detainer action brought by plaintiffs, Cedar Riverside Land Company and its management agent, University Community Properties, Inc., against the New Riverside Cafe (the cafe), Cedar Riverside Land Company's subtenant under an oral month-to-month lease. After a trial in municipal court, the jury returned a special verdict rejecting the cafe's defenses for nonpayment of rent. The trial court held, however, that a right of redemption under Minn.St. 504.02 allowed the cafe to retain the premises by paying into court the 5 months' rent which was overdue, plus interest, costs, and $5 in statutory attorneys fees. We hold that § 504.02 does not create a right of redemption for month-to-month tenants at will and accordingly reverse.

The facts relevant to this appeal are undisputed. The premises in question is the first floor of a commercial building located at 329 Cedar Avenue in Minneapolis. The cafe subleases the premises under a month-to-month oral lease providing for monthly rent of $300 due on the first day of every month. On October 1 and November 1, 1977, the cafe did not make rent payments. On November 9, plaintiffs notified the cafe that its lease was terminated as of November 26 for failure to pay rent. Shortly after that termination date, plaintiffs brought this unlawful detainer action under Minn.St. c. 566.

In answer to the complaint, the cafe raised numerous affirmative defenses, the two most important of which were (1) that nonpayment of rent was pursuant to an alleged oral agreement between the parties which allowed the cafe to make repairs and offset that cost against rent and (2) that termination was in retaliation for the cafe's good faith efforts to secure or enforce rights under its lease or under Minnesota law. The jury, after a 4-day trial, returned a special verdict finding that there was no agreement allowing the cafe to withhold rent to offset the cost of repairs and that the cafe had not acted in good faith.

The trial court entered findings of fact incorporating the special verdict and conclusions of law holding that plaintiffs were entitled to the premises but for the cafe's right of redemption under § 504.02. The trial court ruled, as a matter of law, that § 504.02 allowed the cafe to retain the premises "according to the terms of the original lease" if they paid to plaintiffs or into court the overdue rent from October 1977 through February 1978, plus interest, costs, and $5 in statutory attorneys fees. The cafe paid these amounts into court, and judgment was subsequently entered in its favor.

The sole issue on appeal is whether the cafe, as a month-to-month tenant at will,[1]

1. Tenancies from month to month under an oral lease are tenancies at will, 10B Dunnell, Dig. (3 ed.) § 5375, but their termination is limited by the notice requirements of Minn.St. 504.06. That statute requires 1 month's notice, effective from the end of a month, to terminate a month-to-month tenancy at will. But § 504.-06 also allows termination of such a tenancy on 14 days' notice where the tenant has neglected or refused to pay rent. The 14-day notice will be effective to terminate the tenancy and allow the landlord to recover possession in an unlawful detainer action unless the tenant can show one of the defenses under Minn.St. 566.03, for example, that termination was a penalty (retaliation) for good faith action to secure rights

has a right of redemption under § 504.02. In pertinent part, § 504.02 provides:

"In case of a lease of real property, when the landlord has a subsisting right of reentry for the failure of the tenant to pay rent he may bring an action to recover possession of the property and such action is equivalent to a demand for the rent and a reentry upon the property; *but if, at any time before possession has been delivered to the plaintiff on recovery in the action, the lessee or his successor in interest as to the whole or any part of the property pays to the plaintiff or brings into court the amount of the rent then in arrears, with interest and costs of the action, and an attorney's fee not exceeding $5, and performs the other covenant on the part of the lessee, he may be restored to the possession and hold the property according to the terms of the original lease.*" (Italics supplied.)

■ Since this statute, now § 504.02, was enacted in 1851,[2] its terms can only be understood in light of the then-existing common law upon which it was impressed. The first part of the statute (the portion not italicized above) modified the common-law requirements for bringing an ejectment action.[3] The second part of the statute (the portion italicized above) granted tenants a right of redemption. Plaintiffs argue that since the oral lease did not give them the right of reentry necessary for an ejectment action under the first part of the statute, the cafe can have no right of redemption under the second part of the statute. This is a plausible reading of the statute as it was originally enacted. But ejectment actions are no longer commonly used by landlords, and we believe that in contemporary law a tenant's right of redemption should not be limited to situations where the landlord has a right of reentry allowing the landlord to bring an ejectment action. Rejection of plaintiffs' argument on this point does not decide the case, however, for it means only that the right-of-redemption portion of the statute must be read independently of the first part of the statute.

■ The right-of-redemption portion of the statute (italicized in the above-quoted statute) does not directly indicate whether or not a right to redeem is available to a month-to-month tenant at will. But it does specifically provide that where a right to redeem does exist the tenant can only be "restored to the possession and hold the property according to the terms of the original lease." This clearly indicates that the statute was not designed to give a tenant a new and longer tenancy but rather was intended only to allow the tenant to redeem his former tenancy. This intent can be effectuated where a lease provides a fixed term. But where the tenant has only a month-to-month tenancy at will, any right of redemption could at most only restore the tenant to a month-to-month status which may be terminated at any time by proper notice. This would provide little or no assistance to the tenant and leads us to conclude that the statutory scheme of redemption for the length of "the original lease" can be meaningfully applied only to leases for a fixed term and not to month-to-month tenancies at will.

established by Federal, state, or local law. In the present case, the jury and trial court rejected the cafe's defenses, so that the 14-day notice was effective.

2. Rev.Stat. (Terr.) 1851, c. 74, § 14.

3. At common law, the tenant's failure to pay rent did not in itself give the landlord a right to terminate the tenant's estate and bring an action to recover possession. Thus it became the custom to insert in every well-drawn lease a clause giving the landlord a right of reentry for breach of the covenant to pay rent. *Woodcock v. Carlson,* 41 Minn. 542, 545, 43 N.W. 479, 480 (1889). This right-of-reentry clause gave the landlord power to terminate the estate and recover possession of the premises in an ejectment action. For the ejectment action to lie, however, the common law also required that the landlord make a formal demand for the rent and a formal physical reentry on the premises. The first part of what is now § 504.02 retains the requirement for a lease provision granting a right of reentry. But the first part of the statute goes on to state that commencing the ejectment action will be "equivalent" to, i. e., will satisfy, the common-law requirements for "a demand for the rent and a reentry upon the premises." See, generally, 6A Dunnell, Dig. (3 ed.) § 2865 to 2906.

The few decided cases involving a right to redemption are not contrary to this reading of the statute. The most recent case, *The 614 Co. v. Overmyer,* 297 Minn. 395, 211 N.W.2d 891 (1973), is readily distinguishable from the present case since it involved a written 20-year lease. We held there that the tenant could pay its back rent, plus interest, costs, and attorneys fees and be restored to its position under its 20-year lease; but the case provided no opportunity to consider whether redemption was available to a month-to-month tenant at will. Prior to the *Overmyer* case, there appear to be only four reported Minnesota cases involving the redemption portion of the statute,[4] and they also give no indication whether or not the statute applies to month-to-month tenancies at will.

Only six other states appear to have similar statutes granting tenants a right of redemption,[5] and an examination of these statutes reinforces our view that the right of redemption cannot meaningfully be applied to month-to-month tenancies at will. Mass.Ann.Laws, ch. 186, § 11 (1977 Supp.), for example, limits the right to tenancies under a written lease. Cal.Civ.Pro.Code §§ 1174, 1179 (West 1972), and Idaho Code § 6–316 (Cum.Supp.1977), as similar examples, limit redemption to tenancies under a lease which "has not by its terms expired." We have found no case in any of the six states where a court has applied a right of redemption to a month-to-month tenancy at will.

The cafe, in the case before us, was given notice of the termination of its tenancy for failure to pay rent. The trial court found no impropriety in the notice, and the jury rejected the cafe's defenses, including its defense that termination was in retaliation for good faith exercise of its rights.[6] In

this situation, the cafe's month-to-month tenancy at will was terminated, and there was no tenancy to which the cafe could be restored "according to the terms of the original lease."

Reversed.

---

4.   *Paust v. Georgian,* 147 Minn. 149, 179 N.W. 735 (1920); *Seeger v. Smith,* 74 Minn. 279, 77 N.W. 3 (1898); *Wacholz v. Griesgraber,* 70 Minn. 220, 73 N.W. 7 (1897); and *George v. Mahoney,* 62 Minn. 370, 64 N.W. 911 (1895).

5.   Ariz.Rev.Stat.Ann. § 33–1368(B) (1977 Supp.); Cal.Civ.Pro.Code §§ 1174, 1179 (West 1972); Idaho Code § 6–316 (Cum.Supp.1977); Md.Real Prop.Code Ann. § 8–401 (1977 Cum.

Supp.); Mass.Ann.Laws, ch. 186, § 11 (1977 Supp.); Nev.Rev.Stat. § 40.360 (1975).

6.   In cases where the tenant is found to have a valid statutory defense, of course, it would prevail in the unlawful detainer action and accordingly would have no need to assert a right of redemption.