Clarence BIRK, Respondent,

v.

Pyong LANE, Appellant.

No. C0–84–234.

Court of Appeals of Minnesota.

Sept. 18, 1984.

Daniel Prochnow, Cragg & Bailly, Ltd., Minneapolis, for respondent.

Kirk A. Stubbee, Jerome J. Simons, Jr., Arthur, Chapman & Michaelson, Minneapolis, for appellant.

Heard, considered, and decided by PARKER, P.J., and FOLEY, and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Lane appeals from an unlawful detainer judgment granting recovery of the premises to Birk. The trial court held that Minn. Stat. § 504.02 (1982), which provides that tenants sued for unlawful detainer because of failure to pay rent may redeem the premises by curing the default, does not apply because the lease describes a tenancy at will. Lane contends that the lease does not create a tenancy at will, but creates a tenancy for a fixed term so that the redemption statute applies. We reverse.

## FACTS

The facts are obtained from a statement of the record submitted pursuant to Rule 110.04 of the Minnesota Rules of Civil Appellate Procedure. Lane operates a business in a commercial building at 5416 Nicollet Avenue in Minneapolis. She owned the building until June 1981, when it was sold to Birk for $20,010 at an IRS foreclosure sale. Lane did not redeem the property, so the District Director issued a deed to Birk in December 1981.

Shortly thereafter, Birk began an unlawful detainer action. At the hearing, Lane alleged that the IRS committed procedural irregularities in the sale of the property. As part of the resolution of this action, the parties executed a lease agreement in March 1982 that allowed Lane to remain in possession during the pendency of a quiet title action. That action was begun in December 1982 and is still pending in Hennepin County District Court.

On October 24, 1983, Birk began another unlawful detainer action for failure to pay three months' rent and the second half of the 1983 property taxes (due October 31, 1983). That action was dismissed on November 1 for failure to comply with Rule 10.03 of the Hennepin County Municipal Court Special Rules of Procedure, which requires factual pleading of arrearages and a statement of compliance with Minn.Stat. § 504.22 (1982).

Birk promptly served another unlawful detainer summons and complaint, this time complying with Rule 10.03. In Lane's answer, she agreed to tender payment for any arrearages pursuant to Minn.Stat. § 504.02. At the hearing on November 10, the parties stipulated that the property taxes had been paid on November 1, 1983. The single issue presented to the trial court was whether Section 504.02 applied to the lease agreement. The court found that the lease created a tenancy at will, that the statute did not apply, and ordered Lane to restore the premises to Birk.

## ISSUE

Did the trial court err in finding that the lease created a tenancy at will rather than a tenancy for a fixed term?

## ANALYSIS

Minn.Stat. § 504.02 (1982) provides in relevant part:

In case of a lease of real property, when the landlord has a subsisting right of reentry for the failure of the tenant to pay rent he may bring an action to recover possession of the property and such action is equivalent to a demand for the rent and a reentry upon the property; but if, at any time before possession has been delivered to the plaintiff on recovery in the action, the lessee * * * pays to the plaintiff or brings into court the amount of the rent then in arrears, with interest and costs of the action, and an attorney's fee not exceeding $5, and performs the other covenants on the part of the lessee, he *may be restored to the possession and hold the property according to the terms of the original lease.*

(Emphasis added.)

 A plain reading of this statute indicates that, in any case where the landlord seeks to evict the lessee for failure to pay rent, the tenant, so long as he remains in possession, shall be permitted to remain by paying all money due and owing the landlord. This right of redemption applies until a court has issued an order dispossessing the tenant, and is supported by strong public policy. *See The 614 Co. v. Overmyer*, 297 Minn. 395, 397, 211 N.W.2d 891, 894 (1973).

In *University Community Properties v. New Riverside Cafe*, 268 N.W.2d 573 (Minn.1978), the defendant was a tenant under an oral month-to-month lease. The court held that the statutory scheme of redemption for the length of the "original lease" can be meaningfully applied only to leases for a fixed term and not to month-to-month tenancies at will, so the tenant in that case had no right to redeem the property under the statute.

The lease in this case provides that appellant is to pay $600 per month, plus all utilities and taxes on the property. Section II provides:

This lease shall terminate upon the occurrence of the earlier of the following events:

(a) A final judicial determination relative to ownership of the subject property. Such determination shall be considered final upon the running of the time for appeal from such judicial determination or upon the earlier notice in writing to the other party that such determination shall not be the subject of appeal by such party.

(b) Violation of any of the convenants or conditions of this lease as more fully set forth hereinbelow.

Pursuant to Section III of the lease, if title fails to vest in Birk at the conclusion of the pending quiet title action, then the monthly rental payments are to be applied toward the purchase price of $20,010. Conversely, if title vests in Birk, Lane is to sign a quit claim deed conveying any interest in the property to Birk.

The trial court found that, because Lane's lease does not have a fixed termination date, it is a tenancy at will. Therefore, the trial court concluded that, under the rationale of *New Riverside Cafe*, the statute does not apply. We must disagree. The trial court relied on an Illinois case, *Stanmeyer v. Davis*, 321 Ill.App. 227, 53 N.E.2d 22 (1944), for the proposition that "[i]t is not the certainty of the happening of the event but the certainty of the date on which the termination of the lease will take place that is the determinative factor." *Id.* at 231, 53 N.E.2d at 24. This position is inconsistent with an often-cited Minnesota case. In *Thompson v. Baxter*, 107 Minn. 122, 119 N.W. 797 (1909), the court discussed different types of tenancies under Minnesota law. The tenant's lease provided that he could lease the premises "for and during the full term of while he shall wish to live in Albert Lea." The court stated:

[Tenancies at will] arise by implication of law where no definite time is stated in the contract, or where the tenant enters into possession under an agreement to execute a contract for a specific term and he subsequently refuses to do so, or one who enters under a void lease, or where he holds over pending negotiations for a new lease. The chief characteristics of

this form of tenancy are (1) uncertainty respecting the term, and (2) the right of either party to terminate it by proper notice; and these features must exist, whether the tenancy be created by the express language of the contract or by implication of law.

*Id.* at 124, 119 N.W. at 797–98.

Based on these principles, the court held that the lease in question was not a tenancy at will because the term was not indefinite, nor was the right to terminate the lease reserved to the lessor. The court said that uncertain terms are those where *no* time is specifically agreed upon. The lease was limited by the time defendant wished to live in Albert Lea, and "this limitation takes the case out of the class of tenancies at will." *Id.* at 125, 119 N.W. at 798. Thus, the lease was to be given effect according to its terms and the intentions of the parties.

 The lease in this case is for a term even more definite than the one in *Thompson.* It provided that Lane could stay on the premises until the quiet title action was decided, and the time was even specified as the running of the time for appeal. The term of the tenancy is not uncertain, and neither party has the right to terminate it at will. Therefore, the tenancy is not a month-to-month tenancy at will, but is a tenancy for the term fixed by the lease.

The *New Riverside Cafe* case does not call for a different result. That case involved an oral month-to-month tenancy. Application of the redemption statute would have been meaningless because there was no "original lease" for the statute to restore. Any right of redemption could, at most, have restored the tenant to a month-to-month status which could have been terminated at any time with proper notice. *New Riverside Cafe*, 268 N.W.2d at 575. Here, the statute allows Lane to redeem the tenancy according to the terms of the original lease.

**DECISION**

A lease providing for a tenancy until litigation between the tenant and landlord is resolved creates a tenancy for a fixed term. The tenant had a right to redeem the premises by paying rent arrearages under Minn.Stat. § 504.02.