PAUL McCUSKER AND ASSOCIATES,
INC., Appellant,

v.

Donald OMODT, Sheriff of Hennepin
County, etc., Respondent.

No. C2–84–1272.

Court of Appeals of Minnesota.

Jan. 8, 1985.

William G. Peterson, Bloomington, for appellant.

Kenneth A. Larson, Thomas U. Seifert, Head and Truhn, for respondent (North American).

Thomas L. Johnson, Hennepin County Atty., Minneapolis, for respondent.

Thomas Vasaly, S. MN Reg. Legal Services, St. Paul, for St. Paul Tenants Union.

Heard, considered, and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

This is an appeal from a decision of the Hennepin County District Court denying appellant's motion for a preliminary injunction, and dissolving a temporary restraining order prohibiting the enforcement of a writ of restitution based on appellant's failure to exercise his statutory right of redemption in a timely fashion. We affirm.

## FACTS

Appellant, Peter H. McCusker and Associates, Inc. and Peter H. McCusker, individually (McCusker), operates a restaurant on premises owned by respondent North American Equitable Life Assurance Company (North American). The lease term is ten years. North American brought an unlawful detainer action against McCusker alleging default in the parties' lease agreement.

On February 23, 1984, the Hennepin County Municipal Court ordered McCusker to pay into court $1,200 in outstanding rent, pending jury trial requested by McCusker. Subsequently the parties agreed that March rent would be paid into court by March 10, 1984. McCusker failed to meet the March 10 payment deadline. On March 13, North American moved the municipal court for summary eviction of McCusker. The judge signed an order for restitution of the premises to North American. The following day, March 14, McCusker attempted to pay the amounts called for in Minn.Stat. § 504.02, but the clerk of court refused to accept the payments. McCusker sought relief in district court.

On March 15, 1984, the district court issued a temporary restraining order directing the Hennepin County Sheriff to de-

sist from executing a writ of restitution directed to the premises and further ordering the clerk to accept payment for back rent, taxes due, costs, disbursements, and attorneys' fees. On April 25, 1984, North American made a motion to dissolve the March 15 temporary restraining order. McCusker counter-motioned seeking a preliminary injunction against the sheriff.

On July 13, 1984, the district court found that the statutory right of redemption of a lease ends with the signing of the order for restitution of the premises. Inasmuch as McCusker did not attempt to make the necessary payments until after the order was signed, the district court then denied his motion for preliminary injunction and granted North American's motion to dissolve the temporary restraining order. McCusker has not challenged the validity of the municipal court judgment granting a writ of restitution.

## ISSUE

May a lessee redeem its leasehold rights under Minn.Stat. § 504.02 (1982) after a writ of restitution is ordered by the court, but before the execution of the writ?

## ANALYSIS

The right of a tenant in default of its obligations under a lease to redeem its tenancy is a limited one. Minn.Stat. § 504.-02 (1982) requires a tenant seeking to redeem its tenancy to take timely action to perform all of the terms and conditions imposed by the lease. It provides that:

In case of a lease of real property, when the landlord has a subsisting right of reentry for the failure of the tenant to pay rent he may bring an action to recover possession of the property and such action is equivalent to a demand for the rent and a reentry upon the property; but if, at any time *before possession has been delivered* to the plaintiff on recovery in the action, the lessee or his successor in interest as to the whole or any

part of the property pays to the plaintiff or brings into court the amount of the rent then in arrears, with interest and costs of the action, and an attorney's fee not exceeding $5, and performs the other covenants on the part of the lessee, he may be restored to the possession and hold the property according to the terms of the original lease.

Minn.Stat. § 504.02 (emphasis added).

The disposition of this case revolves around the meaning of the phrase "before possession has been delivered to the plaintiff." North American contends that this statutory right of redemption ends when a judge signs the order for the writ of restitution. McCusker argues that the right of redemption is only foreclosed when the sheriff executes the writ by delivering the premises to the landlord.

In *The 614 Company v. D.H. Overmyer Co. Inc.*, 297 Minn. 395, 211 N.W.2d 891 (1973), the Minnesota Supreme Court stated in dictum:

This "right of redemption" in the tenant applies until a court has issued an order dispossessing the tenant and permitting reentry by the landlord.

*Id.* at 397, 211 N.W.2d at 894.

We agree that the issuance of the court order must be determinative of McCusker's right to redeem under section 504.02. In so concluding, we have considered the following factors:

(1) Foreclosing the right of redemption only upon physical dispossession would encourage litigation. A tenant desiring to retain rent monies as long as possible could permit judgment to be taken against it by default. The landlord would be required to secure a writ of restitution and make arrangements for movers, locksmith, and sheriff to appear at a mutually convenient time to remove and store the tenant's property. If the tenant could then claim successfully it had offered to redeem under section 504.02, the landlord might be left with unreimbursed expenses such as the cost of movers or a locksmith.

(2) A rule foreclosing any right of redemption after the issuance of an order for restitution of the premises is specific and workable. To terminate the right of redemption when possession is actually "delivered" to the landlord would produce a rule that is vague as to determinable time and which may undermine the purpose of unlawful detainer actions. Many questions might arise. When has the sheriff acted sufficiently to "deliver" the premises to the landlord and thus cut off the right of redemption? What "official acts" must the sheriff perform? Must he merely begin such "official acts," or must he have completed them to cut off the right to redemption?

(3) Allowing the tenant to redeem so long as the property remains in his posession may cause a race to the courthouse between the tenant and the sheriff. While the sheriff is performing his "official acts," the tenant might be at the court house tendering those amounts required under section 504.02. Determination of the winner of the "race" would require further judicial intervention. Furthermore, a rule focused on physical possession encourages physical resistance.

(4) Liability issues may ensue. If the sheriff dispossesses a tenant after the tenant has made a proper tender, but before the clerk can advise the sheriff, are the landlord, clerk, and sheriff liable for conversion of the tenant's leasehold or unlawful dispossession? If the sheriff refuses to remove the tenant and its property because the tenant claims to have made an adequate tender, have the sheriff, clerk, and tenant become liable for taking the landlord's property if it later turns out that the tender was not made or was deficient?

We are not unmindful of the cogent arguments presented by McCusker on behalf of a less restrictive interpretation of the provisions of Minn.Stat. § 504.02. However, the considerations set forth above and the clear import of *Overmyer* cause us to conclude that the right of redemption un-

der section 504.02 is foreclosed at the time the order restoring the premises to the landlord is signed.

## DECISION

Affirmed.