**CHEYENNE LAND
COMPANY, Appellant,**

v.

**James K. WILDE, et al., Respondents.**

**No. C1–90–929.**

Court of Appeals of Minnesota.

Nov. 20, 1990.

Joseph M. Sokolowski, Mitchell Scott Paul, Parsinen Bowman & Levy, P.A., Minneapolis, for appellant.

James K. Wilde, Minnetonka, pro se.

Considered and decided by HUSPENI, P.J., and CRIPPEN and DAVIES, JJ.

## OPINION

DAVIES, Judge.

The trial court awarded the appellant lessor $5 in attorneys' fees in an unlawful detainer action. Appellant contends that

respondents agreed in the lease to pay reasonable attorneys' fees and that the lease provision should be enforced despite the statutory limit on attorneys' fees in unlawful detainer cases. We disagree and affirm.

## FACTS

In April 1980, respondents James and Petra Wilde entered into a 99–year lease with appellant Cheyenne Land Company for the land on which their home was built. The lease provided:

> If Lessee shall at any time be in default hereunder and Lessor shall incur any expense in performing acts which Lessee is required to perform, or in instituting any action or proceeding based upon such default, including *reasonable attorney's fees* and disbursements, the amount thereof *shall be paid by Lessee* to Lessor, on demand, as additional rent.

(Emphasis added.)

In February 1990, citing several alleged defaults on the lease, appellant brought an unlawful detainer action against respondents. Prior to trial, respondents cured the outstanding defaults. The parties then stipulated that the only remaining issue was appellant's claim of $2 479.65 in attorneys' fees and costs. The trial court ordered respondents to pay appellant $88 for filing fees and just $5 for attorneys' fees and costs, citing Minn.Stat. § 504.02 (1988) which limits to $5 any attorneys' fees when the lessee cures its defaults prior to the court's judgment.

## ISSUE

Did the trial court abuse its discretion by ruling that Minn.Stat. § 504.02 (1988) limits attorneys' fees to $5 even if the lease provides that the lessee will pay the lessors reasonable attorneys' fees in case of default?

## ANALYSIS

The trial court is accorded broad discretion in awarding expenses of litigation and the court's findings and awards will not be disturbed absent a clear abuse

of discretion. *See Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977).

Minn.Stat. § 504.02 (1988) provides that in an unlawful detainer action:

> [I]f, at any time * * * the lessee * * * brings into court the amount of the rent then in arrears, with interest and costs of the action, and an attorney's fee not exceeding $5, and performs the other covenants on the part of the lessee, the lessee * * * may be restored to the possession and hold the property according to the terms of the original lease.

In this case, respondents cured the alleged defaults before trial. Under section 504.02, attorneys' fees are thus limited to $5.

Appellant contends that the lease provision requiring respondents to pay appellant's attorneys' fees allows a fee award beyond the statutory limit, relying on *614 Co. v. D.H. Overmyer Co.*, 297 Minn. 395, 211 N.W.2d 891 (1973). In *614 Company*, a commercial tenant failed to pay rent under a lease and the lessor brought an action for past due rent and attorneys' fees. The lessee cured its defaults and the trial court returned the property to the lessee under section 504.02. The trial court also required the lessee to pay the lessor's attorneys' fees of $4 000.

The supreme court upheld the attorneys' fees award. The court ruled that "[t]he award of interest and attorneys' fees * * * was effectively conferred by a provision in the lease" requiring lessee to pay all the lessors attorneys' fees arising from violations of the lease. *Id.* at 398, 211 N.W.2d at 894. The court emphasized that "[t]he deliberate violation of the lease agreement by [the lessee] warrants giving full effect to [the] remedial provisions of the lease." *Id.* at 399, 211 N.W.2d at 894.

*614 Company* is not applicable to this case. The trial court did not find that the defaults of respondent resulted from calculated commercial conduct as in *614 Company*. This court is compelled to follow the limitation on attorneys' fees of section 504.02 in this case.

We recognize the potential for abuse of the statute by lessees who take advantage

of the fee limit by repeatedly withholding rent. Fairness would be served by amending section 504.02 to require the payment of the lessor's reasonable attorneys' fees in all redemption cases. *See Comment, The Tenant's Right of Redemption,* 6 Wm. Mitchell L.Rev. 413, 438 (1980).

## DECISION

The trial court did not abuse its discretion by limiting appellant's attorneys' fee award to $5.

Affirmed.